NOT DESIGNATED FOR PUBLICATION

No. 115,167

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN EUGENE JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed April 21, 2017. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., STANDRIDGE and GARDNER, JJ.

*Per Curiam*: Brian Eugene Jones appeals from a judgment of the trial court revoking his probation. First, Jones argues that a preponderance of the evidence did not support that he violated his probation by committing a domestic battery. Second, Jones argues that the trial court failed to state with particularity how he jeopardized public safety as required to revoke his probation under K.S.A. 2015 Supp. 22-3716(c)(9) without first imposing intermediate sanctions. We disagree. Accordingly, we affirm.

On August 28, 2014, Jones pled guilty to one count of sexual exploitation of a child, a severity level 5 person felony, in violation of K.S.A. 2014 Supp. 21-5510(a)(2). Jones pled guilty based on a plea agreement with the State. Under that plea agreement, the State agreed that it would recommend that Jones serve probation in exchange for Jones' guilty plea.

On October 29, 2014, at Jones' sentencing, the State asserted that Jones should serve 60 days of shock time in jail before any term of probation started because Jones possessed some videos of children "as young as 3 or 4" engaging in sexual acts. Moreover, the State told the court that it had learned that Jones was caught photographing a 4-year-old girl and an 8-year-old girl at a department store earlier that year. The State explained that the mother of the girls had called the police, but the State did not press charges because the young girls were fully clothed when Jones photographed them. As a result, no crime had been committed. Nevertheless, the State explained that it found the incident at the department store concerning given that Jones was already facing the charge in this case when he photographed the young girls.

In the end, the trial court followed the plea agreement, sentencing Jones to 36 months' probation with an underlying term of 34 months' imprisonment. Because the trial court agreed that the incident at the department store was concerning, the trial court ordered that Jones serve 60 days of shock time in the county jail before he began his probation.

On April 23, 2015, the State moved to revoke Jones' probation because it alleged that Jones had been arrested for domestic battery on April 22, 2015. Later, the State amended its motion to revoke probation. It additionally alleged that Jones had consumed alcohol in violation of his probation condition prohibiting him from consuming any alcohol or illegal drugs.

At the probation violation hearing, three people testified on behalf of the State: Shana Cucchi-Nelson, the alleged victim of the domestic battery and Jones' estranged wife; Kenny Styles, the police officer who arrested Jones for domestic battery; and Lisa Fleming, the probation officer assigned to Jones' case.

Cucchi-Nelson testified that on April 22, 2015, she and Jones had agreed to meet at his apartment. Cucchi-Nelson testified that once she entered Jones' apartment, they began arguing. Cucchi-Nelson explained that during the argument, Jones started calling her many names, including "bitch" and "whore." Cucchi-Nelson alleged that during that argument, Jones choked and spit on her. Cucchi-Nelson further alleged that after choking and spitting on her, Jones physically removed her from his apartment and then "shoved [her] to the ground onto the concrete." Cucchi-Nelson testified that once Jones physically removed her from his apartment, she ran and called the police. On cross-examination, Cucchi-Nelson conceded that she had been unfaithful to Jones, that she had initially refused to leave Jones' apartment when he asked, and that she had possibly scratched Jones in self-defense as he was choking her. Yet, when asked by defense counsel if she had kicked or somehow damaged Jones' door, phone, or car during their argument, Cucchi-Nelson denied doing so.

Officer Styles testified that he saw injuries on Cucchi-Nelson's feet, hands, leg, and neck. Photographs that Officer Styles took of Cucchi-Nelson's injuries were admitted into evidence. Officer Styles testified that when he made contact with Jones, he smelled an odor of alcohol on Jones' breath. Officer Styles testified that he overheard a conversation between Jones and the medical staff. In this conversation, Jones admitted that he had pushed Cucchi-Nelson. Officer Styles also testified that Jones admitted that he had been "self-injur[ing]" himself by cutting his arms, taking medication, and "injecting himself with bleach" as part of a failed suicide attempt.

3

Fleming testified that two of the conditions of Jones' probation were not to break any laws or consume alcohol. Fleming testified that she determined that Jones broke both of those conditions based on the reports she received about the domestic battery and his alcohol consumption.

Jones did not present any evidence on his own behalf, but he did argue that he never physically harmed Cucchi-Nelson. Jones asserted that Cucchi-Nelson injured herself when she "physical[ly] damage[d]" him and his property during the argument. Jones asserted that he did not do anything illegal and was simply trying to get Cucchi-Nelson out of his house. Jones asked that the trial court not revoke his probation.

The trial court rejected Jones' argument, stating:

> "The Court does find that the defendant has committed a new law violation by a preponderance of the evidence, specifically a battery against his wife by choking and spitting on her, also threatening to kill her.
> "Further the Court finds that the defendant consumed alcohol in violation of his probation, and *his probation will be revoked*." (Emphasis added.)

Then, the trial court stated that it would take under advisement the issue of whether to reinstate Jones' probation or send him to prison. The trial court explained that this would give defense counsel time to prepare arguments to reinstate probation. Accordingly, the trial court scheduled a hearing on defense counsel's forthcoming motion to reinstate probation.

At a later hearing to reinstate probation, Jones argued that his probation should be reinstated because he never physically harmed Cucchi-Nelson. Jones also emphasized that he was attending therapy and had great family support to help him if the court would reinstate his probation. The State countered that the trial court should not reinstate Jones' probation because he was not a good candidate for probation in the first place and

4

because of the incident at the department store. Over Jones' objection, the State also stated that Jones had been disciplined at the residential center during his probation on four separate occasions. The State pointed out that Jones had already been in jail during his 60-day shock time. As a result, the State maintained that since Jones had already been in jail, "the utility of graduated sanctions [did not] really apply in this case." Then, the State asserted "[g]iven the new law violation, [it] [thought] the thing to do here [was] to protect the community and order the offender to serve his time."

The trial court denied Jones' motion to reinstate probation, stating:

"Well, I heard the evidence at the time of the probation revocation, and whether—and I can't remember the lady's name now—whether the wife was invited over there or not, the response to having her extricated from the residence was wholly inappropriate.

"All you have to do is call the police and have her escorted out. Instead this woman was spit upon, choked, and thrown to the ground.

"I agree with Mr. Henderson, I think he's a danger to the public.

"I do not think reinstatement is appropriate and he'll be remanded to the Secretary of Corrections to serve the remainder of his sentence."

In the trial court's journal entry, the trial court stated that it "revoked" Jones' probation because of a "new law violation."

*Did the Trial Court Err When Revoking Jones' Probation?*

On appeal, Jones has two arguments: (1) that the trial court erred by finding that he violated the terms of his probation; and (2) that the trial court erred when it ordered that he serve his underlying prison sentence without first imposing intermediate sanctions. Jones' argument about the trial court erring by finding that he violated the terms of his probation centers on his belief that the trial court placed too much emphasis

5

on Cucchi-Nelson's testimony. Jones' argument about the trial court erring by ordering that he serve his underlying prison sentence centers on his belief that the trial court failed to state with particularity how he jeopardized public safety as required to revoke an offender's probation without first imposing intermediate sanctions under K.S.A. 2015 Supp. 22-3716(c)(9).

*Standard of Review*

Appellate courts review the revocation of an offender's probation for an abuse of discretion. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). A trial court abuses its direction when its decision "'(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact.'" *Lloyd*, 52 Kan. App. 2d at 782 (quoting *State v. Waller*, 299 Kan. 707, 722, 328 P.3d 1111 [2014]). When considering whether offenders violated a condition of their probation, a trial court must consider whether the violation can be established by a preponderance of the evidence. *Lloyd*, 52 Kan. App. 2d at 782. "'A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true.'" *Lloyd*, 52 Kan. App. 2d at 782 (quoting *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 [2007], *rev. denied* 286 Kan. 1183 [2008]). Moreover, to the extent Jones' argument involves the trial court's compliance with the probation revocation statutes, this court exercises de novo review. See *State v. Riojas,* 288 Kan. 379, Syl. ¶ 7, 204 P.3d 578 (2009).

*Was the Trial Court's Finding that Jones Committed a New Law Violation Supported by a Preponderance of the Evidence?*

Jones' first argument on appeal is that the trial court erred by finding that he committed a new law violation by battering Cucchi-Nelson. Jones recognizes that Cucchi-Nelson testified that he choked, pushed, and spit on her. Yet, Jones argues that the trial court should not have found that he committed a new law violation because

Cucchi-Nelson's testimony "was insufficient to show that it was 'more probably true than not true' that [he] had committed a new crime." It seems Jones believes that his arguments that he never physically harmed Cucchi-Nelson undermined the credibility of Cucchi-Nelson's testimony. The State responds that Cucchi-Nelson's testimony alone was enough to meet the preponderance of the evidence requirement.

The State is correct. In short, Jones' argument does not negate that Cucchi-Nelson testified that he choked, pushed, and spit on her. Instead, his argument hinges on his belief that the trial court relied too heavily on Cucchi-Nelson's testimony. Jones contends that the trial court should have focused more on the "other evidence" that contradicted Cucchi-Nelson's testimony, such as "[his] acknowledgment of the confrontation and his statement that he had pushed [Cucchi-Nelson] when she would not leave his apartment." Nevertheless, there are several problems with this argument.

For starters, by acknowledging that Cucchi-Nelson's testimony supported that he had choked, pushed, and spit on her, Jones has implicitly conceded that strong evidence supported that he committed a domestic battery against Cucchi-Nelson. Because the preponderance of the evidence standard merely requires that something be more probably true than not true, Jones' concession makes it very unlikely that his argument can succeed on appeal. *Lloyd*, 52 Kan. App. 2d at 782

Next, the "other evidence" that Jones believes undermines Cucchi-Nelson's testimony consists of his acknowledgement that there was a confrontation and that he pushed Cucchi-Nelson when she would not leave his apartment. Thus, Jones wants this court to believe that he pushed Cucchi-Nelson only because she would not leave his apartment. Although not clearly stated, it seems Jones also wants this court to believe that Cucchi-Nelson injured herself while damaging his property. Yet, after weighing all the evidence, including Cucchi-Nelson's credibility, the trial court rejected Jones' argument that he never physically hurt Cucchi-Nelson, touching her only to remove her from his

7

apartment. As the State emphasizes in its brief, the trial court was in the best position to make this credibility determination. Because this court is not in the position to reweigh the trial court's credibility determinations, Jones' argument must fail to the extent that Jones asks this court to reweigh the evidence in his favor. See *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014).

Then, what remains of Jones' "other evidence" argument is Jones' acknowledgement that there was a confrontation and that he pushed Cucchi-Nelson. Clearly, these acknowledgements confirm Cucchi-Nelson's testimony. Furthermore, Jones' argument ignores the following undisputed facts: (1) that Officer Styles testified about overhearing Jones admit that he had pushed Cucchi-Nelson; (2) that Officer Styles' testimony about Cucchi-Nelson's injuries bolstered Cucchi-Nelson's testimony about Jones choking and pushing her; and (3) that Officer Styles' photographs verifying Cucchi-Nelson's injuries were admitted into evidence. Accordingly, it was not simply Cucchi-Nelson's testimony that supported Jones' guilt. Officer Styles' testimony as well as the photographs supported Cucchi-Nelson's version of events.

Based on the preceding, it is readily apparent that Jones' arguments regarding why the trial court errantly relied on Cucchi-Nelson's testimony are flawed. More importantly, Cucchi-Nelson's testimony, Officer Style's testimony, Jones' acknowledgments, and the photographs of Cucchi-Nelson's injuries admitted into evidence supported that Jones committed a domestic battery against Cucchi-Nelson by a preponderance of the evidence. Because Jones' arguments require a distorted view of the evidence, we determine that the trial court properly made the new law violation finding.

Last, it is worth mentioning that this court may affirm the trial court's probation violation finding for two other reasons as well. First, as the State contends in its brief, this court could uphold the trial court's probation violation finding because evidence established that Jones had committed a criminal threat against Cucchi-Nelson. Second,

this court could uphold the trial court's probation violation finding because evidence established that Jones had violated his probation by consuming alcohol. Although not actively argued by the State below, during her testimony, Cucchi-Nelson stated that Jones had threated to kill her during their argument. When making its new law violation finding, the trial court explicitly stated that Jones had committed a new law violation by "threatening to kill [his wife]." The trial court also stated that Jones had violated his probation by consuming alcohol. As a result, the trial court found that Jones had violated his probation in three ways: (1) by committing a new domestic battery; (2) by committing a new criminal threat; and (3) by consuming alcohol.

Jones has not disputed the trial court's criminal threat or alcohol consumption findings on appeal. By failing to address the trial court's criminal threat and alcohol consumption findings, Jones has also failed to challenge two of the reasons why the trial court found that he had violated his probation. It is a well-known rule that issues not briefed by an appellant are deemed abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Therefore, Jones has abandoned any argument he may have had regarding the trial court's criminal threat and alcohol consumption finding.

*Was the Trial Court's Decision to Impose Jones' Underlying Prison Sentence Without First Imposing Intermediate Sanctions Correct?*

Next, this court must consider whether the trial court properly imposed Jones' underlying prison sentence without first imposing the intermediate sanctions under K.S.A. 2015 Supp. 22-3716(c)(1)(A)-(D).

*Journal Entry*

The first part of Jones' argument involves whether this court should consider the trial court's probation revocation journal entry in determining whether the trial court

9

properly imposed his underlying prison sentence without first imposing any intermediate sanctions under K.S.A. 2015 Supp. 22-3716(c)(1)(A)-(D). Again, at his probation violation hearing, the trial court stated that it was imposing Jones' underlying prison sentence because he jeopardized public safety without reference to any new law violation. Yet, the trial court's journal entry stated that it was revoking Jones' probation because of a "new law violation."

Under K.S.A. 2015 Supp. 22-3716(c)(8), trial courts may revoke an offender's probation as described in "subsection (c)(1)(E) without having previously imposed [an intermediate sanction]" if "the offender commit[ed] a new felony or misdemeanor . . . ." Nothing within the plain language of K.S.A. 2015 Supp. 22-3716(c)(8) requires that a trial court make its new law violation finding with particularity. Here, the trial court explained in its journal entry that it was revoking Jones' probation because of a new law violation. We determine that this was sufficient. Accordingly, Jones' argument fails.

*New Law Violation Reasoning*

Although the trial court did not cite to the K.S.A. 2015 Supp. 22-3716(c)(8) new law violation exception when it decided to impose Jones' underlying prison sentence, this court may still affirm the trial court's decision to impose Jones' underlying prison sentence on this basis. Here, a preponderance of the evidence supported that Jones committed two new law violations, a domestic battery against Cucchi-Nelson and a criminal threat against Cucchi-Nelson. In the past, this court has affirmed the trial court's decision to revoke an offender's probation without first imposing intermediate sanctions because evidence supported that the offender committed a new law violation even though the trial court failed to invoke the new law violation exception below. In *State v. Kyles*, No. 112,430, 2015 WL 5613265, at *3-4 (Kan. App. 2015) (unpublished opinion), for instance, the trial court simply stated that Kyles had violated his probation in the past and his "probation's revoked." *Kyles*, 2015 WL 5613265, at *3. Moreover, the reasoning the

10

trial court provided in Kyles' journal entry was not supported by the record on appeal. Nevertheless, the *Kyles* court affirmed the revocation of Kyles' probation without first imposing intermediate sanctions because the record did reveal that Kyles had committed a new law violation. 2015 WL 5613265, at *4. The *Kyles* court held, "Although the district court did not expressly refer to this statute or rely on its exception, we affirm the district court's judgment as being right for the wrong reason." 2015 WL 5613265, at *4.

More recently, in *State v. Wescoat*, No. 113,978, 2016 WL 3370225, at *2 (Kan. App. 2016) (unpublished opinion), this court affirmed the revocation of Wescoat's probation without first imposing intermediate sanctions even though the trial court did not explicitly reference the K.S.A. 2015 Supp. 22-3716(c)(8) new law violation exception while revoking Wescoat's probation. In affirming the trial court, this court explained:

> "Even if we were to adopt Wescoat's argument that the district court did not base its decision at the revocation hearing to impose the underlying sentence because he committed a new crime, the reason given by the district court for its ruling, or lack thereof, is immaterial if the result is correct. If a district court reaches the correct result, its decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision. [Citation omitted.]" *Wescoat*, 2016 WL 3370225, at *2.

Here, the record reveals that Jones committed new law violations. As in *Kyles* and *Wescoat*, because the trial court could have invoked the new law violation exception under K.S.A. 2015 Supp. 22-3716(c)(8), we affirm the trial court's ultimate decision to impose Jones' underlying sentence without first imposing intermediate sanctions.

Affirmed.