NOT DESIGNATED FOR PUBLICATION

No. 117,659

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAY A. CONTELLO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed June 22, 2018. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., GREEN and MCANANY, JJ.

PER CURIAM: Jay A. Contello appeals from the trial court's judgment revoking his probation and imposing of his underlying sentence. Because the State showed by a preponderance of the evidence that Contello committed a new crime while on probation, we affirm.

In October 2014, the State charged Contello with two counts of making a false information, a severity level 8 nonperson felony. The parties entered into a plea

1

agreement in which Contello agreed to plead guilty to one count of making a false information and the State agreed to dismiss the other count. In addition, the State agreed to recommend that Contello be granted probation even though he was subject to a special sentencing rule.

On May 26, 2015, the court sentenced Contello to 18 months' probation, with an underlying prison term of 8 months. The court ordered Contello to comply with several conditions of probation, including the following:  obey all state and federal laws and pay all court costs as directed.

On March 23, 2016, the State moved to revoke Contello's probation alleging that he violated the conditions of his probation for the following reasons:

- On February 11, 2016, he was arrested by the United States Postal Inspector for fraudulent possession of mail.
- He failed to pay court costs as directed.

The court held an evidentiary hearing. Inspector Wesley Harris, with the United States Postal Service testified that he was conducting an ongoing investigation of Contello, Courtney Pulley, and two other individuals for a number of incidents involving mail theft. Contello had previously been arrested in possession of stolen mail. Inspector Harris testified that one incident involved a credit card that had been intercepted from another individual's mail and that card had been used at a Home Depot. When the Independence police confronted Contello with a video of the credit card being used at the Home Depot, Contello admitted that it was him, along with Pulley, in the video.

Inspector Harris testified that two other parties were arrested for stealing mail and made statements implicating Contello in previous mail thefts. One of them confessed to having stolen hundreds of items of mail with Contello or on behalf of Contello. The other

2

party had cashed a stolen check. That party told police that Contello was with him when the check was stolen.

On February 11, 2016, the inspector searched Contello's residence, which was shared with his girlfriend, Pulley. Contello and Pulley were both present when the search occurred. Inspector Harris found numerous items that appeared to have been stolen from the mail. He located an item that was confirmed stolen from the mail in Tonganoxie, Kansas. That piece of mail had already been reported stolen. There was video of the person approaching that mailbox late at night in a red Ford Ranger. During the search, there was a red Ford Ranger that had just been spray painted black in the front yard of Contello's residence that matched the description of the truck on the video. Based on the interviews, the investigator determined Contello and Pulley were the owners of the Ford Ranger.

The inspector also found checks that had been stolen from the mail and had been chemically altered or washed to change the names printed on the checks. Contello was arrested. No contraband was located on Contello's person. The persons listed on the other mail items found inside Contello's residence were contacted. And those persons indicated that the items had been stolen. Pulley spoke with the inspector and admitted having been with Contello when the mail was stolen. She stated that she would regularly burn stolen mail after it had been sitting around the residence for a while so it would not be discovered by law enforcement. Inspector Harris testified that Contello's residence had four bedrooms. Pulley mentioned that several friends "were in and out of the residence." Inspector Harris testified that his investigation of this matter was ongoing.

The court found by a preponderance of the evidence that Contello committed a new crime while on probation. The court revoked Contello's probation and ordered him to serve his original sentence. Contello timely appeals the revocation of his probation.

3

On appeal, Contello contends that the State did not establish by a preponderance of the evidence that he committed a new crime because it failed to prove that he was the one who possessed the mail found at the residence. He also contends that the trial court erred by imposing Contello's original sentence without first imposing an intermediate sanction.

On a motion to revoke probation, the State must establish that the probationer committed a probation violation by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true. *State v. Lloyd*, 52 Kan. App. 2d 780, Syl. ¶ 2, 375 P.3d 1013 (2016). We review the trial court's factual findings to determine if they are supported by substantial competent evidence and its legal conclusions de novo. *State v. Miller*, 293 Kan. 535, 547, 264 P.3d 461 (2011).

Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the trial court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Contello bears the burden to show an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2015 Supp. 22-3716(c) limits the court's discretion in deciding how to sanction a probation violator. The statute provides that a sentencing court should generally impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply. For example, the trial court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor or absconds from supervision while the

4

offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2015 Supp. 22-3716(c)(8), (c)(9).

Theft or receipt of stolen mail is a federal crime. That crime includes stealing mail out of a mailbox and also possessing mail knowing the mail to have been stolen. See 18 U.S.C. § 1708 (2016). Possession of the mail may be either actual or constructive. In the case of joint occupancy, there must be evidence to show some connection between the defendant and the mail. *United States v. Jenkin*, No. 95-6432, 1996 WL 316461, at *3 (10th Cir. 1996) (unpublished opinion).

The trial court found that there were numerous pieces of stolen mail located at Contello's residence during the search in February 2016. Contello and his girlfriend were both home when the search was conducted. One piece of mail in particular was the piece of mail reported stolen from Tonganoxie, Kansas. There was video showing that a red Ford Ranger was utilized in the theft of that mail. When the search occurred, there was a black Ford Ranger parked on Contello's property that had been recently painted. Also, Contello admitted that he was on the video from Home Depot when a credit card was used that had been stolen out of someone's mail. It appeared that Contello and Pulley were together at the Home Depot.

The court's findings of fact are all supported by Inspector Harris' testimony, as summarized earlier. The evidence supports the trial court's legal conclusion. The presence of the stolen mail in Contello's residence, along with the statement from Pulley that Contello was with her when the mail was stolen, and the statements from other suspects and video implicating Contello in previous mail thefts, are sufficient to establish a connection between Contello and the stolen mail. The evidence demonstrates it is more

5

probably true than not true that Contello stole mail or possessed mail knowing it to have been stolen.

Contello complains that there have yet been any criminal charges filed relating to the February 2016 search. But the State is not required to show that Contello has been charged or convicted of a new crime, only that he committed the crime. See K.S.A. 2015 Supp. 22-3716(c)(8). The inspector testified that his investigation was ongoing. We cannot speculate beyond what he testified to.

Because the commission of a new crime was established by a preponderance of the evidence, the trial court was not required to impose an intermediate sanction before ordering Contello to serve his underlying prison sentence in the present case.

Affirmed.