NOT DESIGNATED FOR PUBLICATION

No. 122,487

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GREGORY T. FRANKLIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed January 22, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Gregory T. Franklin appeals the district court's decision to revoke his probation. We granted Franklin's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State filed a response asking us to affirm the district court's ruling. Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

On February 23, 2017, Franklin pleaded guilty to one count of aggravated battery with a firearm and two counts of aggravated assault. Thereafter, on March 28, 2017, the

1

district court sentenced Franklin to a controlling term of 48 months' imprisonment but released him on 36 months' probation. Yet, in October 2019, while he was still on probation, the State alleged that Franklin committed new crimes of simple assault of a law enforcement officer and resisting and obstructing arrest in violation of the terms of his probation. Prior to his revocation hearing, Franklin was found guilty of resisting and obstructing arrest but not guilty of assault of a law enforcement officer.

At the revocation hearing, the State recommended that the district court revoke Franklin's probation as a result of his new conviction and impose his underlying prison sentence. The State noted, however, that Franklin's probation officer recommended a 30-day jail sanction with a probation reinstatement and an extended probationary term. The district court, nevertheless, revoked Franklin's probation and ordered him to serve his original prison sentence after finding that Franklin was not amenable to probation because he had committed a new crime.

ANALYSIS

On appeal, Franklin recognizes that the district court had the authority to revoke his probation under K.S.A. 2019 Supp. 22-3716(c)(7)(C), which allows a court to revoke probation without having previously imposed a sanction when the offender commits a new felony or misdemeanor while on probation. Franklin alleges, however, that the district court's ruling to revoke his probation was unreasonable because his probation officer suggested a 30-day sanction. Franklin also argues that he demonstrated the ability to comply with his probation terms and that he had made strong efforts toward rehabilitation.

An appellate court reviews the district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). An abuse of discretion occurs when the court's decision is arbitrary, fanciful, or unreasonable

2

or it is based on an error of law or fact. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). The movant bears the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Under K.S.A. 2019 Supp. 22-3716(c)(7)(C), the district court may revoke probation without imposing sanctions when the offender commits a new felony or misdemeanor while on probation. The need for intermediate sanctions is bypassed because the probation violation of committing a new felony or misdemeanor is significant enough to give the court discretion to revoke probation and require the defendant to serve the underlying prison sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 880-81, 357 P.3d 296 (2015).

While on probation, Franklin committed new crimes of obstructing and resisting arrest. Therefore, the district court's decision to revoke Franklin's probation was not based on an error of law or fact. We also find that the district court's decision to revoke under these circumstances was not arbitrary, fanciful, or unreasonable. Thus, the district court did not abuse its discretion in revoking Franklin's probation and ordering him to serve his underlying prison sentence.

Affirmed.