NOT DESIGNATED FOR PUBLICATION

No. 122,666

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES P. CODY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed February 12, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: James P. Cody appeals the trial court's judgment to revoke his probation. We granted Cody's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State filed a response asking us to affirm the trial court's ruling. Concluding no error occurred, we affirm.

In 2009, Cody was convicted of sexual battery. Afterwards, on March 15, 2018, Cody failed to register with the Sedgwick County Sheriff within three business days of his arrival in the county. After pleading guilty to the offender registration violation, the trial court sentenced Cody to 43 months in prison, but released him on probation for a term of 24 months.

1

While on probation, however, Cody committed multiple violations. On August 16, 2018, Cody submitted a mouth drug swab that was positive for methamphetamines. In response to this probation violation, Cody received a 48-hour jail sanction. Cody eventually pleaded guilty to burglary, theft, and fleeing and eluding. Because of these new convictions, the trial court revoked Cody's probation and imposed the original prison sentence.

Cody timely appealed the revocation of his probation. In his motion for summary disposition, Cody recognizes that the trial court had the authority to bypass sanctions and revoke his probation under K.S.A. 2017 Supp. 22-3716(c)(8)(A). Nevertheless, Cody argues that the trial court acted unreasonably when it revoked his probation. An appellate court reviews the trial court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). An abuse of discretion occurs when the trial court's decision is arbitrary, fanciful, or unreasonable or if it is based on an error of law or fact. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). The movant bears the burden of showing an abuse of discretion. *State v. Stafford,* 296 Kan. 25, 45, 290 P.3d 562 (2012).

Under K.S.A. 2017 Supp. 22-3716(c)(8)(A), the trial court may revoke probation without imposing sanctions if the offender commits a new felony or misdemeanor while on probation. See *State v. Clapp*, 308 Kan. 976, 982, 985-87, 425 P.3d 605 (2018) (holding that an earlier but substantively identical version of K.S.A. 2017 Supp. 22-3716(c)(8)(A) applied to all probation violations occurring after July 1, 2013). In short, the need for intermediate sanctions is bypassed because the probation violation of committing a new felony or misdemeanor is significant enough to give the court discretion to revoke probation and require the defendant to serve the underlying prison sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 880-81, 357 P.3d 296 (2015).

2

While on probation, Cody committed new crimes of burglary, theft, and fleeing and eluding. The trial court's decision to revoke Cody's probation was not unreasonable. Thus, the trial court did not abuse its discretion in revoking Cody's probation and ordering him to serve his underlying prison sentence.

Affirmed.