NOT DESIGNATED FOR PUBLICATION

No. 122,863

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BEAKAL SHIFFERAW,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed June 18, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before MALONE, P.J., POWELL and WARNER, JJ.

PER CURIAM: Beakal Shifferaw appeals the district court's revocation of his probation and the imposition of his underlying prison sentence. We granted Shifferaw's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has not responded. After a review of the record, we affirm.

Pursuant to a plea agreement with the State, Shifferaw pled guilty to distribution of marijuana, a severity level 3 drug felony, and no drug tax stamp, a severity level 10 nonperson felony. Shifferaw committed his crimes in April 2013. On June 26, 2014, the district court sentenced him to an aggregate sentence for both crimes of 51 months in prison but granted Shifferaw's request for a dispositional departure to probation for 36

months. Shifferaw was allowed to have his probation supervised by the State of California.

The State sought to revoke Shifferaw's probation on July 9, 2015, alleging he had failed to report to probation authorities in California and had been arrested for new crimes in the District of Columbia. Apparently during this time, Shifferaw was also arrested for crimes he committed in Virginia prior to being placed on probation and spent several years incarcerated there before returning to Kansas in November 2019 to face the allegations he violated the terms of his probation in Kansas. On December 3, 2019, the State amended its allegations against Shifferaw to include absconding.

A probation violation hearing was held on January 22, 2020, and the State presented evidence of Shifferaw's probation violations. In particular, the evidence showed that Shifferaw had failed to report to California probation authorities for over a year and had spent many months outside that state without obtaining permission and without informing anyone of his whereabouts. The district court found Shifferaw had absconded, revoked his probation, and ordered that he serve his underlying prison sentence.

Shifferaw's sole argument on appeal is that the district court abused its discretion in revoking his probation and imposing his underlying prison sentence. The State must prove a probation violation by a preponderance of the evidence. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). We review the district court's factual findings for substantial competent evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Shifferaw bears the burden to show an

abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

In this case, the district court's discretion on whether to revoke probation was limited by the intermediate sanctions outlined in K.S.A. 2013 Supp. 22-3716. At the time Shifferaw's probation was revoked, a district court was required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2013 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). There are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions, one of which is when the defendant absconds from supervision. See K.S.A. 2013 Supp. 22-3716(c)(8). However, simply failing to report to a supervising officer does not equate to absconding. See *Huckey*, 51 Kan. App. 2d at 457; see also *State v. Dooley*, 308 Kan. 641, Syl. ¶ 4, 423 P.3d 469 (2018) ("[T]he State must show, and the district court must find, that the probation violator engaged in some course of action [or inaction] with the conscious intent to hide from or otherwise evade the legal process.").

Here, the State alleged, and the district court specifically found, Shifferaw had absconded while on probation. But Shifferaw merely claims the district court abused its discretion by revoking his probation and ordering him to serve his original sentence. He advances no argument as to why the evidence in the record fails to show he absconded. Thus, we consider any challenge to the district court's conclusion that Shifferaw absconded as abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed deemed waived or abandoned).

As to the wisdom of the district court's revocation of Shifferaw's probation, we see no abuse of discretion. Shifferaw failed to report for months, if not years, left the State of California without permission and without informing authorities of his whereabouts, got arrested and ultimately incarcerated, and absconded. We have no trouble concluding it

3

was reasonable for the district court to revoke Shifferaw's probation and order he serve his underlying prison sentence.

Affirmed.