NOT DESIGNATED FOR PUBLICATION

Nos. 123,795
123,796

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON D. FINEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 24, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: Jason D. Finey appeals the revocation of his probation and imposition of his underlying sentence. We granted Finey's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). Finding no abuse of discretion by the district court, we affirm.

1

In Sedgwick County case No. 19CR3324, Finey pleaded guilty to possession of heroin and possession of methamphetamine. The court sentenced him to an underlying prison term of 44 months with 18 months' probation granted.

In Sedgwick County case No. 19CR1882, Finey pleaded guilty to theft after a prior conviction. The court sentenced him to an underlying prison term of 13 months with 12 months' probation granted.

The court ordered that Finey serve the sentences in the two cases consecutively. Regarding the grant of probation, the court found that there was a treatment program available for Finey and such treatment would serve the community's interests and promote rehabilitation. As conditions of probation, the court ordered Finey to obey all laws, complete a mental health evaluation, and to obtain and maintain full-time employment.

In January 2021, the district court issued a warrant for Finey's arrest, alleging that he violated his probation by:

- committing the offense of theft of property or services;
- committing the offense of criminal damage to property;
- failing to obtain and maintain full-time employment; and
- failing to complete a mental health evaluation.

At the revocation hearing, Finey's intensive supervision officer testified Finey never provided documentation of employment. Sergeant Chris Clennan with the Derby Police Department testified that in December 2020, Finey admitted to trying to steal a catalytic converter from a U-Haul truck with the intent to sell it. The sergeant caught him

and three other individuals during the attempted theft. The sergeant observed a saw attached to the converter. The converter was still partially attached to the U-Haul. It had been raining and Finey was soaking wet, revealing he had been out in the rain. Finey had experience removing catalytic converters.

Finey testified that he did not try to steal the catalytic converter; it was one of the other individuals he was with. He only confessed to the sergeant to protect his girlfriend.

The district court found Finey committed two new crimes while on probation—attempted theft and criminal damage to property. And the court found he violated his probation by failing to maintain full-time employment. The court revoked Finey's probation and ordered him to serve a modified sentence. The court modified the sentences from consecutive to concurrent, the net result of which was to decrease his underlying sentence by 13 months.

Finey timely appeals both cases in this consolidated appeal.

ANALYSIS

Finey argues the district court "abused its discretion by revoking probation and ordering service of a prison and postrelease sentence."

A district court's decision to revoke probation involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination on the appropriate disposition. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

The State must establish that the probationer violated the terms of probation by a preponderance of the evidence—or that the violation is more probably true than not true.

*State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). We review the district court's factual findings for substantial competent evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007).

Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the underlying sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). The district court must exercise it discretion to revoke a defendant's probation and order the defendant to serve the underlying sentence within the statutory framework of K.S.A. 2019 Supp. 22-3716.

A judicial action constitutes an abuse of discretion if the action (1) is unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. The party alleging the abuse of discretion bears the burden of proof. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). The judicial action is unreasonable when no reasonable person would have taken the same action. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

Generally, a sentencing court must impose an intermediate sanction before ordering a probation violator to serve his or her underlying sentence unless certain exceptions apply. K.S.A. 2019 Supp. 22-3716(c). For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor while the offender is on probation." K.S.A. 2019 Supp. 22-3716(c)(7)(C).

Here, the district court did not make an error of law or fact. The court had the statutory authority to revoke Finey's probation because Finey committed two new crimes. There was substantial competent evidence to support the district court's factual findings. Law enforcement caught Finey during the commission of the crimes and he confessed to the sergeant. The district court's decision to revoke Finey's probation was also not

4

unreasonable. Stated in the language of *Gumfory*, we cannot find that no reasonable person would have taken the same action. 281 Kan. at 1170. Finey had a chance at supervised probation but continued to commit crimes—crimes that mirrored one of the crimes for which he was on probation, theft. The court acted reasonably in revoking Finey's probation and imposing a modified sentence.

Affirmed.