NOT DESIGNATED FOR PUBLICATION

Nos. 123,098
123,099

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW AARON MARKLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed December 10, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., GREEN and ISHERWOOD, JJ.

PER CURIAM:  Matthew Markley appeals the district court's decision to revoke his probation and impose his underlying prison sentences. We granted Markley's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State did not submit a response to the motion. Based on our review of the record, we find that the district court properly exercised its discretion when it imposed Markley's original sentences. Thus, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On December 7, 2017, the Ellis County Attorney charged Markley with one count of possession of methamphetamine while in possession of a firearm. The State later amended the complaint to simply charge him with the drug offense.

While resolution of his drug case was pending, Markley got embroiled in a domestic dispute with his former partner during which he threatened her through a series of text messages and threw a large firework at her door while there were children inside. As a result, the Ellis County Attorney charged him with a single count each of aggravated arson, criminal threat, and violation of a protective order.

Markley pleaded no contest to the drug offense and was granted probation for 18 months with an underlying prison term of 11 months. Markley likewise opted to enter pleas in his other three pending cases. In one case, he pleaded no contest to aggravated arson and a misdemeanor count of endangering a child. The court sentenced him to 26 months in prison for the former offense and 1 year in jail for the latter. In the second case, he entered an *Alford* plea to two misdemeanor counts of possession of marijuana and the court imposed a sentence of two consecutive six-month jail terms for those offenses. The judge ordered that the sentences be served consecutive to those imposed in Markley's other cases. Finally, Markley entered a no-contest plea to violating a protective order and was sentenced to one year in jail with directions that it be served consecutive to all his other sentences. The court suspended each sentence and placed Markley on probation for 24 months after finding that the crimes stemmed from Markley's substance abuse and a treatment program was available in the community. The court ordered his probation to run consecutive to the probation term imposed in his drug possession case. The conditions of his probation, in part, required him to abstain from drugs and alcohol, abide by a curfew, and if his intensive supervision officer ordered him to complete a batterer's intervention program, he needed to ensure he completed the program. The court informed

Markley that it had imposed the longest possible prison sentence, while still affording him the opportunity for probation. In conclusion, the court stated, "I want to know the instant that there's any violation in your case."

Eight months later, the State moved to revoke Markley's probation. It alleged that Markley admitted to using alcohol and methamphetamine and was unsuccessfully discharged from the batterer's intervention program. The court conducted a hearing and following Markley's stipulations to the allegations, found him in violation of his probation.

Markley informed the court that he recently started a computer business and if the court ordered him to prison, the business would dissolve and render him unable to fulfill his child support obligation. Accordingly, he requested a low-level intermediate sanction for his violations, such as a two- or three-day quick dip. In an effort to strike a balance between its desire to impose a meaningful sanction and respecting Markley's apparent effort to improve his lifestyle, the court settled on a 30-day jail sanction dispersed over the immediately following 15 weekends. Additionally, the court directed Markley to attend Narcotics Anonymous twice a week, apply for the drug court program, and reenter a batterer's intervention program.

A few short months later, Markley engaged in a high-speed vehicle chase with another individual and picked up a new charge of aggravated assault with a deadly weapon as a result thereof. The new charge, coupled with his failure to attend outpatient treatment and a positive UA for methamphetamine, prompted the State to file a motion to revoke Markley's probation.

The district court conducted a bifurcated proceeding to cover the preliminary hearing for Markley's new offense and address his probation violations. Following receipt of testimony from law enforcement officers, the other individuals involved in the car

3

chase, and Markley personally, the court found by a preponderance of the evidence that Markley knowingly placed his victims in reasonable apprehension of bodily harm and his use of a vehicle qualified as a deadly weapon.

The court also found that Markley violated his probation. In support of its conclusion, the court pointed to its ruling on the new aggravated assault charge and highlighted that Markley also admitted to testing positive for methamphetamine and failing to attend outpatient treatment. The court also observed that while not an allegation contained within the State's motion, during his testimony Markley also essentially admitted to a curfew violation.

The State sought imposition of Markley's underlying prison term given that this marked his second series of violations and he had received a sanction previously. Markley requested reinstatement of his probation with an opportunity to attend inpatient substance abuse treatment. And, to the extent the court was inclined to order him to serve his prison term, he requested modification of that sentence to consist only of the term imposed for his drug offense.

The district court explained that it had afforded him several opportunities, but he chose to commit new crimes and demonstrated he was a danger to the community. The court revoked his probation and ordered him to serve the sentences imposed in each of his cases apart from that entered for violating a protective order.

Markley timely appeals the revocation of probation in only two of his cases, that involving possession of methamphetamine and that in which he pleaded to aggravated arson and endangering a child. The cases were consolidated for purposes of this appeal.

ANALYSIS

On appeal, Markley argues the district court abused its discretion by ordering him to serve his original sentences rather than reinstate his probation. We review district court decisions to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). "A trial court abuses its discretion when it makes a decision that is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. [Citation omitted.]" *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party alleging an abuse of discretion, Markley bears the burden of proof on appeal. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court may revoke probation when it is established by a preponderance of the evidence that the defendant violated the conditions of their probation. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016) (citing *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 [2006]). It is undisputed that Markley admitted to three probation violations: using methamphetamine, violating his curfew, and not attending outpatient treatment. Additionally, the district court found that Markley violated probation by committing a new crime.

Once a district court finds a probation violation, it has the discretion to revoke probation and impose the defendant's original sentence if the defendant committed a new crime while on probation. K.S.A. 2017 Supp. 22-3716(c)(8)(A); *Lloyd*, 52 Kan. App. 2d at 782-85. Thus, the district court's decision here did not constitute an error because it found by a preponderance of the evidence that Markley committed aggravated assault with a deadly weapon. See *State v. Scott*, No. 119,928, 2019 WL 1969553, at *1-2 (Kan. App. 2019) (unpublished opinion) (affirming a probation revocation based on K.S.A. 2018 Supp. 22-3716(c)(8)(A) when the district court found by a preponderance of evidence that the defendant committed two new crimes).

The district court's decision to revoke probation under these circumstances is also properly classified as reasonable. Although the district court could have reached an alternate conclusion, it cannot be said that no reasonable person would have imposed Markley's prison sentences in this case. Markley continually used drugs throughout his probation and on two separate occasions, once while on probation, received convictions for two dangerous criminal activities that placed others in harm's way: throwing an explosive at a residence with children inside and closely following a vehicle at excessive speeds. Moreover, Markley previously had a revocation hearing and served a 30-day jail sanction. The district court, therefore, did not abuse its discretion when it revoked Markley's probation following new violations and ordered him to serve his underlying prison sentences.

Affirmed.