NOT DESIGNATED FOR PUBLICATION

Nos. 124,208
124,209

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON L. ROOP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Republic District Court; KIM W. CUDNEY, judge. Opinion filed September 16, 2022. Reversed and remanded with directions.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Justin Ferrell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., HILL and ATCHESON, JJ.

PER CURIAM: After a contested probation revocation hearing, the district court granted the State's motion to revoke Brandon L. Roop's probation in two separate cases and reinstated his underlying prison sentences. Roop appealed, asserting that the district court abused its discretion by bypassing the intermediate sanctioning scheme and revoking his probation. Because the district court failed to make the necessary findings under K.S.A. 2019 Supp. 22-3716 to revoke Roop's probation, this court reverses and remands for a new probation revocation hearing.

1

In case No. 18CR02, the State agreed to charge Roop with one count of aggravated endangering a child and drop any other potential charges in exchange for Roop pleading no contest. The district court accepted Roop's plea and sentenced him to 12 months' probation with an underlying prison sentence of 6 months.

Roop was not successful on probation. He served a 2-day jail sanction for failure to report to his probation officer and, upon requests from his probation officer, agreed to a 6-month probation extension for his failure to complete 50 hours of community service work and pay his case balance in full. After requests from Roop and his probation officer, the district court granted two additional extensions: a 12-month extension in December 2019 and a 6-month extension in November 2020, again citing Roop's failure to complete his community service hours and pay off his case balance. After the final extension, Roop's probation was set to expire June 5, 2021.

In a separate case—19CR36—the State charged Roop with four counts of severity level 3 aggravated indecent liberties with a child over 14 but under 16 years of age for events that occurred between January and July 2019, while Roop was still on probation in 18CR02. The parties entered a plea agreement in which the State dropped three of the charges and amended the remaining charge to attempted sexual battery in exchange for Roop entering a no-contest plea to that charge. The district court accepted Roop's no-contest plea and sentenced him to 24 months' probation with an underlying prison term of 24 months.

In May 2021, the State sought to revoke Roop's probation in 18CR02, alleging Roop failed to

- report to his intensive supervision officer (ISO);
- avoid establishments that sold alcohol;

2

- complete community service requirements;

- gain or maintain employment;

- abide by travel restrictions;

- participate in his mental health treatment plan; and

- refrain from violating the law.

The State also filed a motion to revoke Roop's probation in 19CR36, alleging the same violations as the previous motion except for failure to report to his ISO. The State attached multiple documents to its motion to revoke, including a case report from Roop's ISO and two Republic County criminal complaints, noting Roop had been charged with one count of attempted aggravated burglary and one count of criminal damage to property (21CR03) and one count of violating the Kansas Offender Registration Act (21CR19).

During the July 1, 2021 probation revocation hearing, Roop's ISO offered testimony about Roop's alleged probation violations. The ISO testified that Roop admitted to entering a liquor store in violation of his probation, for the purpose of buying lottery tickets for his mother. The ISO testified that Roop failed to complete required community service hours, failed to maintain employment, and traveled outside the permitted area without permission. The ISO further testified that Roop failed to maintain appointments with a vocational rehabilitation program and was "not committed," so the program closed Roop's employment case.

The ISO also testified that Roop faced new charges in case Nos. 21CR03 and 21CR19, and that Roop was on probation in 18CR02 when he was charged in 19CR36. The ISO testified that rather than filing a motion to revoke Roop's probation at the time he was charged with new crimes in 19CR36, the parties decided to extend Roop's probation. However, given Roop's continued and voluminous probation violations, including receiving additional new charges, the ISO recommended the court revoke

3

Roop's probation and impose his underlying prison sentences. On cross-examination, the ISO acknowledged that Roop had not been convicted in either of his two new cases.

Roop testified that he had completed additional community service hours which he had not been able to provide to his ISO and had found somewhere to complete his remaining hours. He also testified that he had employment lined up and if that job was not approved, he had additional places he could work. He stated that he had submitted "probably 60" job applications before this job, but that he could not get hired because of his sex offender and felon status. He also testified that he was staying on his mental health medication and that he had the money to cover the fees on his old cases. Roop admitted that he violated the travel restrictions of his probation and that he should have contacted his ISO before traveling outside the permitted area.

After hearing the parties' arguments, the district court found that Roop had violated his probation by a preponderance of the evidence—including that he

- failed to stay out of bars or liquor stores;
- failed to complete his community service;
- failed to maintain continuous employment;
- failed to complete and work with the vocational rehabilitation program; and
- violated his travel restrictions.

The court stated that "[i]t is concerning . . . that there are two new criminal cases now pending. And that the second case, [19CR36], occurred while Mr. Roop was on probation for [18CR02]." Then the court noted:

> "Mr. Roop, you've had many, many opportunities. Ms. Garman has tried to assist you. You seem to take it seriously now that you're sitting in jail. But did not take seriously the privilege of your probation.

4

"And as I've indicated, the Court has great concern that there are now two new criminal cases pending. For all of those above reasons, the Court finds that your probation shall be revoked and that you will serve your underlying sentences."

In its journal entry, the district court cited the charges arising from 21CR03 and 21CR19 and marked that Roop's probation was revoked pursuant to K.S.A. 2019 Supp. 22-3716(c)(7) because he committed a new crime.

Roop timely appealed his probation revocation in both 18CR02 and 19CR36. Roop moved to consolidate his appeals and this court granted his motion.

DISCUSSION

Roop argues that the district court abused its discretion by revoking his probation because the court invoked the new offense statutory bypass to the intermediate sanctioning scheme without having substantial competent evidence that Roop committed any new crimes. The State contends Roop mischaracterizes the district court's revocation—arguing that while the journal entry reflects the court revoked probation under the new-offense bypass, the transcript of the revocation hearing reveals the district court properly relied upon the public safety or offender welfare bypass to revoke Roop's probation. The district court abused its discretion under either theory, and Roop's probation revocation is therefore reversed and remanded for a new hearing.

I.   *The district court abused its discretion by improperly invoking K.S.A. 22-3716's bypass exceptions to revoke Roop's probation.*

This court reviews a district court's probation revocation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A court abuses its discretion when its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430

P.3d 931 (2018). To the extent Roop's appeal involves interpreting the statutory intermediate sanctioning scheme, this court exercises unlimited review over statutory interpretation. *Coleman*, 311 Kan. at 334-35.

In this case, the district court should apply the statute governing the intermediate sanctioning scheme that was in effect at the time Roop committed the crime for which he was convicted. See *Coleman*, 311 Kan. at 334-37. In Roop's case, that means K.S.A. 2017 Supp. 22-3716 governs his sanctions in 18CR02 while K.S.A. 2019 Supp. 22-3716 governs his sanctions in 19CR36.

Under both statutes, the district court is generally required to impose graduated sanctions—ranging from a 2- or 3-day jail sanction to a 180-day prison sanction—before revoking probation. K.S.A. 2017 Supp. 22-3716(c)(1)(A)-(E); K.S.A. 2019 Supp. 22-3716(c)(1)(A)-(C). However, both the 2017 and 2019 sanctioning schemes allow the district court to bypass those sanctions, revoke probation, and impose the underlying sentence if "the offender commits a new felony or misdemeanor while the offender is on probation" or if "the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2017 Supp. 22-3716(c)(8)(A), (9)(A); K.S.A. 2019 Supp. 2-3716(c)(7)(A), (C). Here, the district court marked only the box for "[c]omitted new crime" as a reason for revocation, and not the boxes for the "[p]ublic safety" or "[o]ffender welfare" bypass exceptions.

1. *The district court erred in finding substantial competent evidence showed that Roop committed new criminal offenses.*

Roop first argues that the district court made an error of fact when it revoked his probation for committing new offenses because the State's complaints were the only evidence introduced about his alleged new offenses. The State does not argue it brought

sufficient evidence to prove Roop committed new crimes, but it claims that the district court properly invoked the public safety or offender welfare bypass exception based upon Roop's multiple probation violations and his new charges.

The State carries the burden to show by a preponderance of the evidence that a probationer violated the terms of their probation, and this court reviews the district court's findings for substantial competent evidence. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016); see *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). The only evidence put forth concerning Roop's alleged new offenses were the two complaints outlining Roop's charges in 21CR03 and 21CR19. Finding an offender "*commit[ted]* a new felony or misdemeanor" as required to bypass intermediate sanctions is different than finding an offender was *charged* with a new felony or misdemeanor. Panels of this court have previously held that evidence of new charges alone is not enough to show a probationer committed a new offense by a preponderance of the evidence. See *Lloyd*, 52 Kan. App. 2d at 783-84; *Inkelaar*, 38 Kan. App. 2d at 315-17 (finding evidence of new charges, together with testimony and video evidence connecting the probationer to the new charges, was sufficient to show by a preponderance of the evidence that the probationer committed a new offense). The State provided no evidence other than the 21CR03 and 21CR19 complaints to demonstrate that Roop "commit[ted] a new felony or misdemeanor." Accordingly, the district court erred by finding substantial competent evidence demonstrated Roop committed a new offense while on probation. See *Inkelaar*, 38 Kan. App. 2d at 315.

2. *Even assuming the State's framing is correct, the district court still failed to make particularized public safety or offender welfare findings.*

The State argues that even though the district court's journal entry does not identify the public safety or offender welfare bypass exceptions as reasons the court

revoked Roop's probation, the court nonetheless clearly stated that it was revoking Roop's probation under the public safety or offender welfare exception.

As addressed above, K.S.A. 2017 Supp. 22-3716 and K.S.A. 2019 Supp. 22-3716 both permit the district court to revoke probation without previously imposing a graduated intermediate sanction if "the court finds and sets forth *with particularity* the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." (Emphasis added.) To satisfy this particularity requirement, the district court's findings "must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015). A panel of this court has held that this requires the district court to "explicitly address how the public's safety would be jeopardized or how the offender's welfare would not be served by imposition of the intermediate sanctions." 52 Kan. App. 2d at 49.

The district court's findings are not sufficiently particularized if an appellate court must infer from the district court's findings the specific reasons *why* public safety would be jeopardized or the offender's welfare would not be served by an intermediate sanction. "Broad generalizations that equally could apply to all similar cases are not sufficiently particularized" to meet the requirements of K.S.A. 2018 Supp. 22-3716. *State v. Duran*, 56 Kan. App. 2d 1268, 1275-76, 445 P.3d 761 (2019).

The district court made the following findings:

"The Court finds there is a preponderance of evidence that the Defendant has violated the conditions of his probation as set forth in Case[s 18CR02] and [19CR36].

"M[r]. Roop has failed to follow the orders to stay out of—in simple terms—bars and liquor stores. He was reported entering into the same and admitted the same to Ms. Garman.

8

> "He has not completed community service. And he has failed to maintain continuous employment.

> "However, he has also failed to complete and work with the vocational rehab center who Ms. Garman got him lined up with to help and assist him with better and more regular employment.

> "And has violated his travel restrictions under his offender registration requirements.

> "It is concerning to the Court that there are two new criminal cases now pending. And that the second case, [19CR36], occurred while Mr. Roop was on probation for the [18CR02].

> "The Court considers all of these factors. The Court considers that the second case could have triggered an automatic prison revocation for the first case back at that time.

> "Mr. Roop, you've had many, many opportunities. Ms. Garman has tried to assist you. You seem to take it seriously now that you're sitting in jail. But did not take seriously the privilege of your probation.

> "And as I've indicated, the Court has great concern that there are now two new criminal cases pending. For all of those above reasons, the Court finds that your probation shall be revoked and that you will serve your underlying sentences."

As in *McFeeters*, the district court's language requires this court to infer how these findings show that an intermediate sanction would jeopardize public safety or Roop's welfare. While the district court made specific findings related to Roop's alleged probation violations, it made only generalized statements about public safety or Roop's welfare—stating that Roop "did not take seriously" his privilege of probation or that it had "great concern" that Roop had two new criminal cases pending.

The district court's findings were insufficiently particularized to invoke the bypass exception of either K.S.A. 2017 Supp. 22-3716(c)(9)(A) or K.S.A. 2019 Supp. 22-3716(c)(7)(A). Therefore, even under the State's framing, the district court abused its discretion when it revoked Roop's probation by failing to meet the particularity requirement of K.S.A. 22-3716.

9

CONCLUSION

The district court abused its discretion by revoking Roop's probation without imposing an intermediate sanction or properly invoking an exception—regardless of whether it relied upon the new offense exception as set forth in its journal entry or the public safety or offender welfare exception as argued by the State. If the district court relied upon the new offense exception to revoke Roop's probation, the record reveals a lack of substantial competent evidence that Roop committed a new offense. Similarly, if the district court relied upon the public safety or offender welfare exception to revoke Roop's probation, the record reveals a lack of particularized findings about public safety or offender welfare for the court to have properly bypassed the intermediate sanctioning scheme and revoked Roop's probation. Accordingly, this court reverses the district court's probation revocation and remands for a new probation hearing.

Reversed and remanded with directions consistent with this opinion.