NOT DESIGNATED FOR PUBLICATION

Nos. 124,839
124,840
124,841

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THERESA MICHELLE MILLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Opinion filed November 18, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and SCHROEDER, JJ.

PER CURIAM: Theresa Michelle Miller appeals the revocation of her probation and order sending her to prison in three Shawnee County cases. We consolidated her appeals and granted her motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). We find no abuse of discretion by the district court and we affirm.

In Shawnee County case No. 18CR2907, Miller pled guilty to possession of methamphetamine, a severity level 5 nonperson felony. Her presumptive sentencing

1

range was in a border box. In May 2020, the court sentenced Miller to 18 months of probation with mandatory drug treatment through Senate Bill 123 and an underlying 24-month prison term.

In June 2020, in Shawnee County case No. 20CR643, Miller pled guilty to burglary of a nondwelling with intent to steal a firearm, a severity level 5 nonperson felony. The court granted her a downward dispositional departure to 36 months' probation with a 57-month underlying prison sentence.

In September 2020, the State moved to revoke Miller's probation in 18CR2907 alleging that she violated her probation by:

- failing to report to her supervisor;
- failing to report to Senate Bill 123 drug treatment; and
- breaking the law—she was arrested for burglary and theft.

At the violation hearing, Miller stipulated to the first two technical violations. The court sanctioned Miller with 60 days in the county jail with the possibility of release to treatment when a bed became available. The court ordered her to take her medication as prescribed.

In January 2021, in Shawnee County case No. 20CR2107, Miller pled no contest to attempted burglary to a vehicle, a severity level 10 nonperson felony. The court sentenced her to 12 months' probation with an underlying 10-month prison term.

In February 2021, the State filed a motion to revoke Miller's probation in 18CR2907 and 20CR643 alleging Miller violated her probation by:

- failing to report to her supervisor;
- using drugs;

- breaking the law—she was arrested for disobeying a direct order, criminal trespass, and lurking and prowling with the intent to commit a crime; and
- failing to keep her supervisor apprised of her address.

At the violation hearing, Miller stipulated to the violations. The court sanctioned her to 60 days in jail, with a possibility of early release to inpatient treatment.

In August 2021, Miller admitted to violating her probation by failing to remain law abiding due to an arrest on August 5. She waived a hearing and accepted a three-day jail sanction.

In August and September 2021, the State filed motions in all cases to revoke Miller's probation alleging she violated her probation by:
- failing to report to her supervisor;
- breaking the law—she was arrested on August 22 on municipal charges for pedestrian in roadway with sidewalk available and disobeying a lawful police order;
- failing to report for drug treatment; and
- failing to keep her supervisor apprised of her address.

At the violation hearing in December 2021, Miller's probation officer testified that Miller failed to report for supervision on several occasions, she did not live at the address provided, and she did not report to her scheduled intake for outpatient treatment. Miller had previously successfully completed inpatient treatment. The probation officer explained the alleged new law violation was that Miller was walking in the street and did not respond when officers ordered her to get out of the street.

The court found Miller violated the terms and conditions of her probation by failing to report for supervision, failing to remain law abiding, failing to report for treatment, and failing to keep her supervisor apprised of her address. The court agreed with the defense that the alleged law violation was a "de minimis item or issue." And the court understood that Miller was homeless and therefore conveying her location to her supervising officer was difficult. But the court found that "looking at these things in totality and combination, they rise to the level where the Court finds that she is in violation of the terms and conditions of her probation."

The court revoked Miller's probation and ordered her to serve her underlying sentences. The court reasoned that considerable resources had already been expended on Miller and she had simply not changed her behavior. Miller timely appeals.

On appeal, Miller simply contends "the district court erred in revoking her probation and in imposing the underlying prison sentence."

The State must establish that a probationer violated the terms of probation by a preponderance of the evidence—or that the violation is more probably true than not true. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). We review the district court's factual findings for substantial competent evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007).

Here, Miller tried to mitigate the importance of her violations, but did not seriously dispute the allegations. The district court's finding that she violated her probation was supported by substantial competent evidence.

Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute. The court abuses its discretion if the decision is (1) arbitrary,

fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. The offender bears the burden of establishing such abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

Miller's underlying crimes were committed in October 2018, April 2020, and September 2020. Therefore, the district court's decision to revoke her probation and order her to serve her underlying sentences must have been exercised within the statutory framework of K.S.A. 2018 Supp. 22-3716, K.S.A. 2019 Supp. 22-3716, and K.S.A. 2020 Supp. 22-3716. The court abuses its discretion when it does not follow the statutory procedure. See *State v. Wilson*, 314 Kan. 517, 520-21, 501 P.3d 885 (2022).

Under K.S.A. 2018 Supp. 22-3716(c), the district court must impose a series of intermediate, graduated sanctions before ordering a probation violator to serve their underlying sentence, unless certain exceptions apply. The first sanction is a two- or three-day jail sanction. The second is a 120- or 180-day prison sanction. The district court need not impose any intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public would be jeopardized, the probation was originally granted as the result of a dispositional departure, the offender committed "a new felony or misdemeanor" while on probation, or the offender absconded while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)-(9).

Under K.S.A. 2019 and 2020 Supp. 22-3716(c), the district court may revoke an offender's probation after the offender has received at least one two- or three-day jail sanction, or if the court finds one of the exceptions to the intermediate sanctioning scheme listed above.

Here, the district court did not make an error of law or fact. The court had the statutory authority to revoke Miller's probation in the 2020 cases because she already served a three-day jail sanction. The court had the statutory authority to revoke Miller's

5

probation in 18CR2907 because she committed a new misdemeanor while on probation. A reasonable person could agree with the district court's decision to revoke her probation. Miller had been given the opportunity for treatment. But she continued to rack up probation violations and break the law. Though the violations supporting this revocation hearing were not serious, the standard is whether no reasonable person would have agreed with the district court. And the burden is on the offender. Miller did not meet her burden to show an abuse of discretion.

Affirmed.