NOT DESIGNATED FOR PUBLICATION

Nos. 126,619
126,620
126,621
126,622

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAMANTHA LEIGH MATNEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; NEIL B. FOTH, judge. Opinion filed August 30, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., WARNER and COBLE, JJ.

PER CURIAM: Samantha Leigh Matney appeals the district court's decision to revoke her probation and impose her underlying 69-month prison sentence. Recognizing that the district court's decision fell well within its sphere of discretion, Matney filed a motion for summary disposition in lieu of briefs under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State did not respond. This court granted the motion and conducted a review of the record on appeal to ascertain whether the district court erred. We conclude that the district court's revocation of Matney's probation and imposition of her underlying sentence was not unreasonable and affirm the same.

1

On October 1, 2021, Matney entered into a universal plea agreement with the State in four criminal cases. In case Nos. 21-CR-1184 and 21 CR 1221, Matney pled guilty to one count of identity theft in violation of K.S.A. 21-6107, a severity level 8 nonperson felony. In case No. 21-CR-1594, she pled guilty to one count of theft in violation of K.S.A. 21-5801, a severity level 7 nonperson felony. Finally, in case No. 21-CR-2500, Matney pled guilty to one count of possession of amphetamines in violation of K.S.A. 21-5706, a severity level 5 drug felony.

Based on the presentence investigation reports, in case Nos. 21-CR-1594 and 21-CR-2500, Matney had a criminal history score of E that placed her in a presumptive probation sentencing range for those two cases. In case Nos. 21-CR-1184 and 21-CR-1221, Matney also had a criminal score of E, but fell within a presumptive prison sentencing range pursuant to the special rule in K.S.A. 21-6804(u) that governs second or subsequent identity theft convictions. In November 2021, the district court granted the parties' joint request for a downward dispositional departure to 24 months' probation and imposed a 69-month underlying prison sentence.

On February 14, 2022, the State filed an affidavit from Matney's probation officer, which alleged that Matney violated her probation by failing to report to her Missouri probation officer after her probation was transferred to that state on December 27, 2021. It further alleged that Matney neglected to make payments toward her court costs and failed to obtain a substance abuse evaluation as directed. In August 2022, Matney stipulated to the violations and the district court ordered her to serve a 2-day jail sanction, along with 30 days of house arrest, and extended her probation for 24 months.

Several months later, the State filed a second affidavit alleging Matney was in violation of her probation because she failed to attend inpatient drug treatment, failed to

report to her Missouri probation officer and provide an up-to-date address, and was charged with fleeing or eluding law enforcement authorities in Missouri.

In May 2023, the district court conducted a probation revocation hearing, and the State called Matney's probation officer, Geri Reece, to testify concerning the alleged violations. Reece explained that she processed Matney's application to transfer her probation to Missouri, but Matney failed to report to her Missouri probation officer on October 4 and 11, 2022, and neglected to update that officer on her whereabouts. Reece also testified that Matney failed to enter inpatient drug treatment as directed despite informing her house arrest officer that she was accepted into a treatment facility.

Finally, Reece informed the court that she received a progress report and corresponding probable cause affidavit from the Missouri Probation and Parole Office which reflected that Matney was charged with felony resisting arrest for allegedly fleeing from Missouri law enforcement officers, while operating a stolen vehicle, on October 5, 2022. The State then submitted the probable cause statement to the court.

Matney testified in her defense and acknowledged that on October 5, 2022, she was arrested and charged in Jackson County, Missouri, with fleeing and eluding. She explained that she was driving a friend's car, with a total of three passengers, when she noticed police lights and sirens behind her. Matney claimed that when she began to pull the car over, the front seat passenger hit her in the face, pulled out a gun, and threatened to shoot her if she stopped driving. Matney stated those actions prompted her to flee from the police and, at one point, the front seat passenger jumped from the vehicle and took off on foot. Matney testified that she nevertheless continued driving because she was scared and "thought [the police] were going to kill us." She claimed to be unaware that the vehicle she was driving was stolen.

3

Matney also testified regarding her other two alleged probation violations. She claimed that the inpatient drug treatment program turned her away because she was pregnant, so she went to the First Step detox program in Lawrence. Finally, she explained that she spoke to her Missouri probation officer once and he told her to report on October 9, but when that time came she was unable to do so because she was incarcerated for the incident on October 5.

After considering the evidence and weighing the arguments presented by both parties, the district court found that the State presented sufficient evidence to establish that Matney violated her probation as alleged. It then revoked Matney's probation and imposed her underlying 69-month prison sentence.

Matney now brings her consolidated cases to us for review and a determination of whether the district court's decision was unreasonable and amounted to an abuse of discretion.

LEGAL ANALYSIS

On appeal, Matney argues that the district court abused its discretion in revoking her probation and imposing her underlying prison sentence. She contends that no reasonable person would have agreed with the district court's disposition decision given that noncustodial drug treatment would be better suited to address her admitted substance abuse struggles.

Before the district court may revoke probation, the State has the burden to establish, by a preponderance of the evidence, that a probationer violated the terms and conditions of their probation. In other words, that it is likely more true than not that the violation occurred. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). We

4

review the district court's factual findings for substantial competent evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007).

Once the violation is successfully established, the district court has discretion to revoke probation unless such action is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). This court reviews a district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused only if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. Matney bears the burden of showing such abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

The district court must exercise its discretion to revoke an offender's probation within the statutory framework of K.S.A. 22-3716. The version of the statute in effect at the time Matney's offenses were committed governs the district court's decision. See *Coleman*, 311 Kan. at 337. Matney's convictions resulted from acts committed between January and August 2021. Thus, K.S.A. 2020 Supp. 22-3716 controls. Under that framework, a district court may revoke an offender's probation and impose the underlying sentence after the offender has received at least one two- or three-day intermediate jail sanction. K.S.A. 2020 Supp. 22-3716(c)(1)(C).

Here, given that Matney served a two-day jail sanction as a result of her first probation violation, the district court was authorized to revoke her probation and impose her underlying prison sentence in response to her subsequent violations. Matney asserts that while the court was authorized to take such action, no reasonable person would agree that such action was warranted or appropriate. See *Thomas*, 307 Kan. at 739.

We are not persuaded. To the contrary, from a review of the record we are satisfied that revocation of Matney's probation and imposition of her underlying sentence was reasonable under the facts and circumstances of these consolidated cases.

Affirmed.