No. 114,389

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TODD LLOYD,
*Appellant*.

SYLLABUS BY THE COURT

1.

The State has the burden of establishing probation violations. To sustain an order revoking probation on the ground that a probationer has committed a violation of the conditions of probation, commission of the violation must be established by a preponderance of the evidence.

2.

A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true.

3.

Before a defendant may be bound over for trial, the district court must find probable cause to believe a felony has been committed. Probable cause at a preliminary hearing has been defined as evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.

1

4.

The probable cause standard of proof required to bind a defendant over for trial is a lesser burden of proof than the preponderance of the evidence standard needed to establish a probation violation, and a district court errs when it relies solely on a probable cause finding from a preliminary hearing to find a defendant in violation of his or her conditions of probation.

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed June 17, 2016. Vacated and remanded with directions.

*Sam Shirer*, of Kansas Appellate Defender Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., POWELL and GARDNER, JJ.

POWELL, J.: Todd Lloyd appeals the revocation of his probation, contending the district court erred in relying upon a probable cause finding made at his preliminary hearing on a new charge of kidnapping to find by a preponderance of the evidence that Lloyd had violated the conditions of his probation. The district court then revoked his probation and ordered Lloyd to serve his underlying sentence. Because we agree with Lloyd that the standard for binding someone over for trial—probable cause the defendant committed the act(s) for which he or she was charged—is a lesser standard than that required to find someone in violation of the terms and conditions of probation—by a preponderance of the evidence—we find the district court erred by relying on the wrong standard to find him in violation of his probation. Accordingly, we vacate the district court's order and remand for further proceedings.

2

FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2013, Lloyd pled no contest to aggravated battery and misdemeanor theft. Despite having an A criminal history score, the district court granted Lloyd's motion for a downward dispositional departure to probation and sentenced him to 24 months' probation with a 32-month underlying prison sentence. Less than a year later, in October 2013 Lloyd stipulated to a number of probation violations; the district court imposed a 60-day jail sanction and extended Lloyd's probation for 24 months. In December 2013 Lloyd again stipulated to a probation violation; the district court imposed another 60-day jail sanction and extended Lloyd's probation for an additional 24 months.

In April 2014, Lloyd was involved in a standoff with police that resulted in his arrest and being charged with kidnapping. After this incident, the State filed a motion to revoke Lloyd's probation. The amended motion included 14 alleged probation violations. Before the hearing on the State's motion to revoke probation, a preliminary hearing was held on the April 2014 kidnapping charge, and Lloyd was bound over for trial and arraigned.

At the subsequent probation revocation hearing, the State moved to amend its motion to revoke to include just one alleged probation violation: that Lloyd had been bound over on a charge of kidnapping. The district court granted this motion. Lloyd's defense attorney stated:

> "Because of the new case pending, he will stipulate that he was found in violation or bound over for preliminary hearing, and that the standard at the preliminary hearing is higher than it is at a probation violation, so the Court can find that he is in violation of his probation based on the difference in the standards."

3

When asked by the district court, Lloyd himself stipulated only to being bound over for arraignment in the kidnapping case. He did not stipulate to violating the terms and conditions of his probation or to his guilt in the kidnapping case. Based on the stipulation of being bound over in the kidnapping case, the district court found Lloyd violated the conditions of his probation and imposed Lloyd's underlying sentence of 32 months' imprisonment.

Lloyd timely appeals.

## DID THE DISTRICT COURT ERR IN REVOKING LLOYD'S PROBATION BASED SOLELY ON THE PROBABLE CAUSE FINDING IN THE NEW CRIMINAL CASE?

On appeal, Lloyd contends that the trial court erred in revoking his probation based solely on the probable cause finding made in the kidnapping case. Lloyd argues the State had the burden to prove a violation of the terms and conditions of probation by a preponderance of the evidence and failed to do so.

Revocation of probation by the district court is reviewed for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A district court abuses its discretion when its decision "(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *State v. Waller*, 299 Kan. 707, 722, 328 P.3d 1111 (2014).

A district court has no "discretion in a probation revocation proceeding until the evidence establishes a probation condition violation." *State v. Garcia*, 31 Kan. App. 2d 338, 341, 64 P.3d 465 (2003). The State has the burden of establishing probation violations. K.S.A. 2015 Supp. 22-3716(b)(2). "To sustain an order revoking probation on the ground that a probationer has committed a violation of the conditions of probation, commission of the violation must be established by a preponderance of the evidence."

4

*Gumfory*, 281 Kan. at 1170. "A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true." *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008). Conviction for the act which allegedly violated the conditions of probation is not required. 38 Kan. App. 2d at 315.

Here, the district court relied upon the probable cause finding in Lloyd's kidnapping case to conclude that the State had satisfied its duty to establish by a preponderance of the evidence that Lloyd had violated the terms and conditions of his probation by committing kidnapping. As we see it, the central question in this case is whether the probable cause standard used to bind over a defendant for trial amounts to a higher burden of proof than the preponderance of the evidence standard; if so, then the district court was at liberty to make the finding it did because the State had more than met its burden of proof.

It is well established that in every felony case—except for a grand jury indictment—a defendant is entitled to a preliminary hearing, and a district court must find "probable cause to believe a felony has been committed" before a defendant may be bound over for trial. K.S.A. 2015 Supp. 22-2902(3). "Probable cause at a preliminary hearing has been defined as evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *State v. Puckett*, 240 Kan. 393, 395, 729 P.2d 458 (1986).

Our Supreme Court answered a very similar question in *State v. Ultreras*, 296 Kan. 828, 295 P.3d 1020 (2013), where the district court was faced with the proper burden of proof required to negate a claim of immunity from prosecution based upon the justified use of force. The district court held that the defendant had the burden to prove by a preponderance of the evidence that his use of force was necessary. Our Supreme Court rejected this, finding instead that the State had the burden to negate the defendant's

5

claim under a probable cause standard and that the district court had erred by "imposing a higher standard of proof than probable cause." 296 Kan. at 845.

Here, the district court revoked Lloyd's probation based solely on his admission to being bound over in another criminal case. The State did not present any evidence of a probation violation other than its own statements regarding the new charge. The State was required to prove the probation violation by a preponderance of the evidence, but only the lesser standard of probable cause was required for Lloyd to be bound over after his preliminary hearing. See K.S.A. 2015 Supp. 22-3716(b)(2); K.S.A. 2015 Supp. 22-2902(3); *Gumfory*, 281 Kan. at 1170. Accordingly, the district court's revocation of Lloyd's probation on the basis of his stipulation was an error of law and, therefore, an abuse of discretion. See *State v. Williams*, No. 112,228, 2015 WL 5613253, at *7-8 (Kan. App. 2015) (unpublished opinion) (reversing probation revocation where stipulation to being bound over on another case not enough to revoke probation and State failed to prove validity of new charges by preponderance of evidence); *State v. Bailey*, No. 100,918, 2009 WL 2506265, at *3 (Kan. App. 2009) (unpublished opinion) (reversing probation revocation where State put on no evidence other than copy of indictment and counsel's argument regarding nature of pending changes and district court relied on probable cause standard of proof for new charge rather than preponderance of evidence).

However, nothing in our opinion today prohibits a district court from combining a preliminary hearing with a probation violation hearing, provided the district court makes the proper probable cause findings with regard to the preliminary hearing and the proper preponderance of the evidence findings concerning the probation violation hearing.

Finally, we reject the State's argument that Lloyd's stipulation to being bound over on the kidnapping charge was invited error. He did not stipulate to violating his probation. As previously discussed, such a stipulation was inadequate to revoke his probation and, thus, invited error is inapplicable. We also reject the State's contention that

6

Lloyd's counsel's stipulation—that the preliminary hearing standard of proof is higher than it is at a probation violation hearing and the court can find Lloyd in violation of his probation based on the difference in the standards—is invited error because "no party can properly stipulate to an incorrect application of the law." *State v. Donaldson*, 35 Kan. App. 2d 540, 544, 133 P.3d 154 (2006).

We therefore vacate the district court's probation revocation order and imposition of sentence and remand this matter for a new probation violation hearing with instructions for the district court to apply the correct burden of proof. As we have vacated the district court's probation revocation order, Lloyd's additional assertion that the district court erred in not granting him an intermediate sanction is moot.

Vacated and remanded.