NOT DESIGNATED FOR PUBLICATION

Nos. 116,099
116,100

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRACY M. MCVEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; STEVEN L. HORNBAKER, judge. Opinion filed May 5, 2017.
Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Steven L. Opat*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HILL and SCHROEDER, JJ.

*Per Curiam*:  Tracy M. McVey appeals from the revocation of his probation and reinstatement of his underlying sentence without first imposing intermediate sanctions. At the time, McVey was on probation in two cases. Although his probation in one of the cases previously had been revoked, it was reinstated by the district court. The State filed the present motion to revoke McVey's probation alleging nine violations. Ultimately, the district court concluded that there had been a "total failure of compliance" by McVey with the terms of his probation. Based on our review of the record on appeal, we agree with the district court. Thus, we affirm.

1

FACTS

McVey pled guilty to three counts of identity theft in Geary County case number 13 CR 591. On November 15, 2013, he was sentenced to 10 months, suspended to 18 months' probation. At the time of this conviction in case number 13 CR 591, McVey was on probation in three other Geary County cases.

In January 2014, McVey was arrested and charged with possession of marijuana and possession of drug paraphernalia resulting in the filing of case number 14 CR 28. As a result of those charges, the State filed a motion to revoke McVey's probation in his prior cases. Although the district court revoked McVey's probation in those cases, it reinstated probation in case number 13 CR 591 for a period of 18 months.

Eventually, McVey entered a no contest plea to the charge of possession of marijuana in case number 14 CR 28. He was sentenced to 20 months in prison, modified to 18 months' probation during which he was to attend a drug treatment program. McVey was to begin this probation after he completed a sentence he was currently serving.

McVey began serving his probation in case numbers 13 CR 591 and 14 CR 28 in March 2015. Less than a year later, the State filed motions seeking to revoke McVey's probation in both cases, alleging nine separate violations: (1) failure to remain crime free, (2) failure to remain drug free, (3) failure to make payments on court costs, (4) failure to complete community service, (5) failure to maintain employment, (6) failure to notify his supervising officer of his current address, (7) failure to report to his supervising officer, (8) failure to report to the Geary County Adult Detention Center to serve a jail sanction as directed, and (9) failure to attend and complete drug and alcohol treatment. These allegations were set forth in sworn affidavits that were dated February 22, 2016, and signed by McVey's Intensive Supervision Officer. This was the second motion to revoke in case number 13 CR 591 and the first in case number 14 CR 28.

2

At the probation revocation hearing, McVey stipulated that "he violated the terms and conditions of probation as set forth [in the affidavit] in each case." Although he indicated that he was stipulating to the allegations in the affidavits, McVey commented to the district court that he was "not admitting [to being] guilty [of his] other crime." In response, the district court said, "I'm not going to ask you to do that." The district court accepted the stipulation and evidently decided to revoke McVey's probation at that point and set a hearing for a later date to determine the final disposition.

At the dispositional hearing, the district court stated that it had previously revoked McVey's probation based on his stipulation to the allegations in the affidavits. The district court also took judicial notice of the fact that McVey's new criminal case had not been dismissed at the preliminary hearing and that he was bound over for trial. In speaking of the pending charges, the district court stated that "I think for the purposes of a probation revocation, probable cause . . . is sufficient." The district court then found that McVey had "absolutely no respect . . . for any of the orders that the Court has made in regard to probation" and that he "is not amenable to probation."

In reaching this conclusion, the district court noted that it had also reviewed McVey's files in the two cases in which the motions to revoke were filed as well as his criminal record. In addition, the district court found that this was McVey's third violation of the terms of his probation. Furthermore, the district court noted in the journal entries from the probation revocation hearing that McVey had shown a "total failure of compliance" with the terms of his probation. Thus, it ordered McVey to serve his underlying prison sentences in both cases.

ANALYSIS

On appeal, the relief McVey requests is that we "reverse the district court's decision to revoke his probation." Specifically, he contends that the district court used the wrong legal standard when finding that he violated his probation by relying on the probable cause finding in his new case. Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused when a court acts (1) arbitrarily, fancifully, or unreasonably; (2) based on an error of law; or, (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). McVey, as the party asserting the error, bears the burden of proving an abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

McVey's argument on appeal appears to confuse the decision of whether he violated his probation with the issue of whether the district court imposed the appropriate sanction for that violation. Certainly, the State bears the burden of establishing a probation violation by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006); see K.S.A. 2016 Supp. 22-3716(b)(2). Here, a review of the record shows that McVey stipulated to violating the terms of his probation as alleged in the affidavits filed in support of the motions to revoke, and the district court accepted the stipulation.

By stipulating to the allegations set forth in the affidavits, McVey admitted to violating his probation in the following ways:

- failure to remain crime free,
- failure to remain drug free,
- failure to make payments on court costs,

4

- failure to complete community service,
- failure to maintain employment,
- failure to notify his supervising officer of his current address,
- failure to report to his supervising officer,
- failure to report to the Geary County Adult Detention Center to serve a jail sanction as directed, and
- failure to attend and complete drug and alcohol treatment.

Accordingly, we find that the stipulations constitute sufficient evidence—applying a preponderance of the evidence standard—to conclude that McVey violated the terms of his probation.

It appears that McVey is actually arguing on appeal that the district court imposed an inappropriate sanction for the probation violations he admitted to committing. K.S.A. 2016 Sup. 22-3716(c) provides that a district court should generally impose an intermediate sanction before ordering a probation violator to serve his or her underlying sentence. There are, however, several exceptions. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor or absconds from supervision while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2016 Supp. 22-3716(c)(8), (c)(9).

Here, a review of the record reveals that the district court decided not to impose intermediate sanctions based on the fact that McVey committed a new felony or misdemeanor while on probation. In doing so, the district court did not simply rely upon the fact that McVey was bound over for trial in his new case. Significantly, the district court also relied upon McVey's stipulation to the allegations set forth in the affidavits

5

filed by his Intensive Supervision Officer. As indicated above, although McVey understandably did not admit *guilt*, he stipulated during the revocation portion of the hearing—which was prior to the preliminary hearing in his new criminal case—that he violated the terms and conditions of his probation as set forth in the affidavits. The very first violation alleged in the affidavits is:  "Failed to remain crime free."

We find the present case to be different from *State v. Lloyd*, 52 Kan. App. 2d 780, 783, 375 P.3d 1013 (2015). In *Lloyd*, the defendant merely stipulated to being bound over for arraignment in another case, which the court found to be an insufficient amount of proof to establish a probation violation. Unlike McVey, the defendant in *Lloyd* did not stipulate to violating the terms and conditions of his probation. 52 Kan. App. 2d at 782. Moreover, as the record in the present appeal reflects, the district court "took the stipulation and revoked" McVey's probation at the revocation hearing that was held prior to the preliminary hearing in the pending criminal case.

"To sustain an order revoking probation on the ground that a probationer has committed a violation of the conditions of probation, commission of the violation must be established by a preponderance of the evidence." *Gumfory*, 281 Kan. at 1170. Conviction for the act which allegedly violated the conditions of probation is not required. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008). Under a preponderance of the evidence standard, it must be demonstrated that "'a fact is more probably true than not true.' [Citation omitted.]" *Gannon v. State*, 298 Kan. 1107, 1124, 319 P.3d 1196 (2014). Here, we conclude that the stipulation that McVey failed "to remain crime free" while on probation combined with the fact that he was bound over for trial on the new charge was sufficient to meet a preponderance of the evidence standard. Thus, even if the district court misstated the law when it stated at the dispositional hearing that "for the purposes of a probation revocation, probable cause . . . is sufficient," we find any such error would be harmless under the circumstances presented.

6

We, therefore, conclude that the district court was well within its discretion to revoke McVey's probation and impose his underlying sentence.

Affirmed.