NOT DESIGNATED FOR PUBLICATION

No. 117,178

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PARMA QUENZER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed February 23, 2018. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN, J., and HEBERT, S.J.

PER CURIAM: Parma Quenzer appeals the district court's revocation of her probation, claiming the court abused its discretion when it did so. We disagree and affirm.

In June 2015, Quenzer pled guilty in case 15CR1763 to unlawfully obtaining and distributing a prescription only drug, a class A misdemeanor. This plea was entered in conjunction with her guilty plea to felony forgery in case 15CR2013. The district court

1

sentenced her to eight months in the county jail but placed her on probation from that sentence for 12 months.

One month after sentencing, the State issued a probation violation warrant alleging Quenzer had committed new crimes and other probation violations. Quenzer ultimately pled guilty in a third case, 15CR2916, to two counts of felony identity theft. The district court found her in violation of her probation in her first two cases and extended Quenzer's probation for 18 months. The district court also sentenced Quenzer in her new case to 18 months in prison but placed her on probation from that sentence for 18 months.

Another probation violation warrant was issued in April 2016, which alleged that Quenzer had failed to provide proof of intervention, failed to report, and failed to abide by a no contact order. Quenzer admitted to these allegations, but the district court allowed her to continue on probation and ordered a mental health evaluation. However, the district court imposed a 72-hour quick-dip jail sanction in her felony cases.

Finally, in July 2016, a third probation violation warrant was issued, alleging Quenzer had again violated her probation, this time in six different ways. These violations included: (1) failure of a urinalysis test, (2) failure to attend therapy, (3) admission of heroin use, (4) failure to notify her probation officer of being prescribed new medication, (5) failure to report, and (6) failure to obtain employment. Quenzer admitted to the allegations, and the district court found her in violation of her probation. The district court then revoked Quenzer's probation in all three cases and ordered that she serve her underlying sentences. Quenzer's total sentence was 18 months' incarceration and 12 months' postrelease supervision, with the sentence in her misdemeanor case to run concurrent with her felony sentences.

Quenzer timely appeals her probation revocation.

Parenthetically, we note that Quenzer filed appeals in her two felony cases, 15CR2013 and 15CR2916, separately from this misdemeanor case, 15CR1763. This court affirmed the district court's probation revocations in the two felony cases, and they are not the subject of this appeal. *State v. Quenzer*, No. 116,682, 2017 WL 3112960 (Kan. App. 2017) (unpublished opinion).

On appeal, Quenzer argues that the district court abused its discretion in revoking her probation and imposing her underlying sentence because no findings were made on the record to support doing so and because her mental health issues could be better treated on probation.

Under K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii), "if the original crime of conviction was a misdemeanor . . . and a violation is established, the court may . . . revoke the probation . . . and require the defendant to serve the sentence imposed, or any lesser sentence." Violation of the conditions of probation must be established by a preponderance of the evidence before the district court may revoke probation. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). Once a violation is properly found, the decision to revoke probation is within the discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). An appeal from the revocation of a defendant's probation is reviewed for an abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). Judicial discretion is abused when no reasonable person would have taken the position adopted by the district court. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Here, the district court made a specific finding that Quenzer's continued drug use made her a safety threat both to the public and to her unborn child. This finding is supported by the record and is expounded upon in the district court's ruling. While the district court acknowledged Quenzer's addiction problems, it also noted her inability to deal with those issues while on probation. The district court emphasized the importance

3

of Quenzer's sobriety because of the risk to her pregnancy and to the general public and explained that if it were to grant a 180-day sanction instead of revoking her probation, Quenzer would be less likely to receive the classes she needed in order to address her drug addiction. Finally, the court found that all of Quenzer's prior convictions were related to efforts to support her drug habit.

The district court made the proper findings before revoking Quenzer's probation, and the record supports the district court's decision to impose Quenzer's underlying sentence. Given Quenzer's repeated probation violations, we find no abuse of discretion on the part of the district court.

Affirmed.