NOT DESIGNATED FOR PUBLICATION

No. 122,326

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ISHMAEL R. RIDGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed October 30, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM: Ishmael Ridge appeals the district court's order revoking his probation and imposing his underlying prison sentence. We granted Ridge's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). After reviewing the district court's decision, we affirm.

In December 2016, the State charged Ridge with aggravated burglary (a felony) and misdemeanor theft. Following negotiations, Ridge and the State entered into a plea agreement, whereby Ridge agreed to plead guilty to the two crimes and the State agreed to recommend a downward dispositional departure. In January 2018, the court imposed an underlying 48-month prison sentence, then granted the departure and imposed 36 months' probation.

1

In September 2019, the district court issued a warrant against Ridge based on a November 2018 charge of interference with a law enforcement officer. See K.S.A. 2018 Supp. 21-5904(a). After Ridge pleaded guilty to that charge, the court revoked his probation in this case. Ridge appeals.

The decision whether to revoke probation "rests within the sound discretion of the district court." *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). We review a district court's decision to revoke probation for an abuse of discretion, which occurs when the district court's decision is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). Ridge bears the burden to show the district court abused its discretion when it decided to revoke his probation. See *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

Ridge acknowledges that Kansas law permits a district court to revoke a person's probation when he or she commits a new felony offense—which Ridge admits he did here. See K.S.A. 2019 Supp. 22-3716(c)(7)(C); K.S.A. 2016 Supp. 22-3716(c)(8)(A). Under these facts, the district court had discretion to revoke Ridge's probation and impose his underlying sentence instead of taking other remedial action. The court did not abuse its discretion when it did so.

Affirmed.