NOT DESIGNATED FOR PUBLICATION

No. 122,570

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARY LUPA PALACIO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SEAN M.A. HATFIELD, judge. Opinion filed October 30, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM: Mary Lupa Palacio appeals the district court's decision to revoke probation and imposing her underlying prison sentence. We granted Palacio's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47).

In June 2014, the State charged Palacio with possession of methamphetamine (a felony), possession of an opiate, and possession of a controlled substance. Palacio and the State reached a plea agreement wherein the State agreed to dismiss the opiate charge and recommend probation if she pleaded guilty to the other charges. The district court accepted Palacio's plea, imposed an underlying controlling 16-month prison sentence, and then granted her an 18-month probation term. The court imposed several conditions

1

of Palacio's probation, including requirements that she report to an intensive supervision officer (ISO), refrain from using drugs and alcohol, and submit to various drug tests.

Between October 2015 and September 2017, Palacio's ISO submitted three reports stating she had failed to report as required, admitted to using drugs or alcohol, and failed drug tests. At hearings held in May, July, and September 2017, Palacio admitted to these violations. The court imposed 3-day jail sanctions for the first two violations and a 180-day jail sanction for the third violation; it also extended her probation at each hearing.

Palacio's ISO submitted a fourth report in March 2018, stating Palacio had again failed to report multiple times and had failed a drug test. At a hearing in January 2020, she admitted to the violations. The court found that Palacio was no longer amenable to probation given her multiple failures to report. It therefore revoked her probation and imposed the underlying 16-month prison sentence.

Palacio appeals, arguing the court abused its discretion by revoking her probation because imprisonment would not address her underlying drug addiction. At the time of Palacio's probation violations, Kansas law employed a graduated system of probation violation sanctions for felony defendants. K.S.A. 2018 Supp. 22-3716(b)(3)(A). For a first violation, the court, in its discretion, could impose an intermediate two- or three-day jail sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(A)-(B). For a violation after the first intermediate sanction, the court could impose a 120- or 180-day jail sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(C)-(D). And for a violation after that longer jail sanction, the court could revoke probation and impose the underlying sentence. K.S.A. 2018 Supp. 22-3716(c)(1)(E). From the date of her underlying crimes to her fourth violation, this probation revocation scheme largely remained the same. Compare K.S.A. 2013 Supp. 22-3716(c)(1)(A)-(E) with K.S.A. 2018 Supp. 22-3716(c)(1)(A)-(E).

While the State must prove a violation by a preponderance of the evidence, once established, the court may revoke probation in its discretion. *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006). A court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). Palacio does not argue here that the court's decision to revoke her probation was based on a legal or factual error. Thus, we will only reverse the court's decision if it is one with which no reasonable person would agree. *Gumfory*, 281 Kan. 1168, Syl. ¶ 1.

Palacio admitted to violating the terms of her probation. And the district court then followed the statutory requirements then in place, imposing 3-day and 180-day graduated sanctions. When Palacio violated the terms of her probation a fourth time, the decision to revoke probation was a matter within the court's sound discretion.

Under these facts, we find the district court did not abuse its discretion in revoking Palacio's probation. It provided several opportunities for Palacio to follow the terms of her probation. Yet on multiple occasions, she did not comply with fundamental elements of probation—reporting to her ISO and refraining from using drugs. Given this history, the court's decision was reasonable. It is not the role of an appellate court to substitute our judgment for a district court's reasonable exercise of its discretion.

Affirmed.