NOT DESIGNATED FOR PUBLICATION

No. 122,517

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER A. CORRAL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed October 30, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM: Christopher Corral appeals the district court's decision revoking his probation and ordering him to serve his underlying sentence for felony theft and deceptive commercial practices. We granted Corral's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State filed a response, asking us to affirm the district court's ruling. Finding no error, we affirm.

In January 2018, Corral pleaded guilty to felony theft and misdemeanor deceptive commercial practices. The district court sentenced him to an underlying sentence of 9 months' imprisonment and granted him 12 months of probation.

1

Corral later violated the terms of his probation by committing several new offenses in Texas. He stipulated to these violations, and the district court imposed Corral's underlying sentence. On appeal, Corral argues the district court abused its discretion when it revoked his probation and required him to serve his prison sentence because "sanctions remained a viable alternative."

If an appellant admits to a probation violation, the decision whether to revoke probation "rests within the sound discretion of the district court." *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). We review a district court's decision to revoke probation for an abuse of discretion, which occurs when the court's decision is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). Corral bears the burden to show the district court abused its discretion when it decided to revoke his probation. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

Corral acknowledges that under K.S.A. 2019 Supp. 22-3716(c)(7)(C), a district court may revoke probation without having previously imposed a sanction if "the offender commits a new felony or misdemeanor while the offender is on probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction." But he nevertheless argues that the district court should have imposed a sanction in this case and abused its discretion in revoking his probation.

At his revocation hearing, Corral admitted to committing several new crimes, including possession of methamphetamine and public intoxication, as well as committing numerous other probation violations. Under these facts, the district court did not abuse its discretion when it revoked Corral's probation and imposed his original prison sentence.

Affirmed.