NOT DESIGNATED FOR PUBLICATION

No. 127,438

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MALIK D. BEASLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID KAUFMAN, judge. Submitted without oral argument. Opinion filed June 20, 2025. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., COBLE and BOLTON FLEMING, JJ.

PER CURIAM: Malik Beasley appeals the district court's finding that he violated his probation by committing the new crime of interference with law enforcement. While this appeal was pending, Beasley's probation was terminated. We hold that Beasley's appeal is moot, and notwithstanding, the district court did not err in finding Beasley violated his probation by a preponderance of the evidence because Beasley stipulated that he failed to report as directed, failed to gain and maintain employment, and failed to pay court-ordered costs. Accordingly, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On June 28, 2022, a jury convicted Beasley of two counts of criminal use of weapons under K.S.A. 2019 Supp. 21-6301(a)(18), (b)(4). On September 20, 2022, the district court sentenced Beasley to 26 months in prison but suspended his sentence and placed him on probation for a period of 18 months.

On December 28, 2023, the State filed a warrant alleging Beasley violated his probation by failing to report as directed by his court services officer, failing to gain and maintain full-time employment, and failing to make payments on court costs. On January 2, 2024, the State filed a second warrant, alleging that Beasley violated the terms of his probation by committing the new crime of interference with law enforcement.

On February 5, 2024, the district court held a probation revocation hearing on both warrants. Beasley admitted to the allegations contained in the first warrant, and the district court found Beasley in violation of his probation. The district court then went on to conduct an evidentiary hearing on the second warrant that alleged Beasley committed a new crime by interfering with law enforcement.

During the evidentiary hearing, Wichita Police Officer Tomas Fulcher testified that he received a dispatch call asking him to respond to a person at a residence reporting domestic violence. Officer Fulcher learned that Beasley was the individual he would be dealing with and that Beasley "had a felony pickup through us and a felony warrant through Sedwick County, and that he was flagged armed and dangerous and a registered violent offender."

Once at the residence, the officers attempted to perform a welfare check for the domestic violence call. They tried to make contact with Beasley, but he would not open the door and communicated with the officers through a camera. Beasley told Officer

2

Fulcher they had the wrong address. The officers told Beasley they needed to speak with the female involved in the domestic violence call and she could either come out or they would need to come in. After Beasley did not open the door and the female did not come out, the officers told Beasley they would have to force entry if he did not open the door. Officers eventually forced entry into the residence, where a female and child were located.

Wichita Patrol Officer Dewayne Ice also testified. Officer Ice explained that when he arrived, he observed two officers attempting to contact the occupants of the residence through a camera. He learned Beasley was involved with this call and was advised by Officer Fulcher that Beasley had a felony warrant and pickup. The officers announced themselves several times, and then eventually entered the residence. Once inside, Officer Ice observed a female holding a baby and Beasley in a hallway to the right. The officers arrested Beasley.

At the conclusion of the evidentiary hearing, the district court took the issue of whether Beasley committed the crime of interference with law enforcement by a preponderance of the evidence under advisement.

On March 5, 2024, the district court held a hearing to announce its decision. The district court reiterated its earlier finding that Beasley violated his probation based on his admissions to the technical allegations in the first warrant. The district court also concluded that the State had proven by a preponderance of the evidence that Beasley violated his probation in committing the crime of interference with law enforcement.

The district court then conducted disposition. The State argued that Beasley should serve his underlying sentence, but the district court declined and instead ordered a 60-day jail sanction and extended Beasley's probation to September 20, 2027, under the supervision of Community Corrections. Beasley timely appealed.

3

On November 21, 2024, after Beasley's appeal was docketed, his probation was terminated. The State filed a motion to involuntarily dismiss the appeal as moot. Beasley opposed the State's motion, contending this case should not be dismissed because a mootness exception applied. Beasley contended his issue on appeal raises concerns of public importance and is capable of repetition based upon his belief that K.S.A. 21-5904(a)(3) does not criminalize the act of impeding a welfare check. Our court's motions panel denied the State's motion for involuntary dismissal of Beasley's appeal, and the appeal proceeded.

ANALYSIS

BEASLEY'S APPEALED ISSUE IS MOOT

*Standard of Review*

The State asserts Beasley's claim is moot, because his probation has been terminated, and there is no further consequence that can occur related to his case. Because mootness is a doctrine of court policy developed through precedent, appellate review is unlimited. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020). As a general rule, Kansas appellate courts do not decide moot questions or render advisory opinions. 311 Kan. at 590. The mootness doctrine is one of court policy, under which the court determines real controversies about the legal rights of persons and properties that are actually involved in the case properly before it and adjudicates those rights in a way that is operative, final, and conclusive. The party asserting mootness generally bears the initial burden to establish a case is moot in the first instance. 311 Kan. at 593. Here, this means the State bears the burden of showing this case is moot.

An issue on appeal will only be dismissed as moot if it can be shown clearly and convincingly that the actual controversy has ended, the only judgment that could be

4

entered would be ineffectual for any purpose, and the judgment would not impact any of the parties' rights. *Roat*, 311 Kan. at 584.

*Discussion*

The State argues that Beasley's claim on appeal is moot because after his docketing statement was filed, but before his appeal was decided, his probation was terminated. Because his probation term ended, the State maintains there is no relief that can be granted that would benefit him. The State also argues the district court no longer has any authority to punish Beasley, and this court cannot remand the case to the district court with instructions. This means, according to the State, no controversy remains and therefore his claim is moot.

Beasley agrees with the State and concedes his appeal is moot. But Beasley asks this court to apply an exception to reach the merits of his issue because it is capable of repetition and raises concerns of public importance.

Appellate courts commonly apply an exception to the mootness doctrine when cases "raise issues that are capable of repetition and present concerns of public importance." *Roat*, 311 Kan. at 590. "[P]ublic importance means something more than that the individual members of the public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals." *State v. Hilton*, 295 Kan. 845, Syl. ¶ 5, 286 P.3d 871 (2012). When a Kansas appellate court decides mootness it must "necessarily include analysis of whether an appellate judgment on the merits would have meaningful consequences for any purpose, including future implications." *Roat*, 311 Kan. at 592-93.

Beasley argues that an appellate decision on whether the crime of interference with law enforcement under K.S.A. 21-5904(a)(3) criminalizes the act of impeding a

5

welfare check would provide guidance for lower courts because it appears to be a matter of first impression. Beasley further argues "that this issue is certainly capable of happening over and over again," but provides no reason why. Beasley's arguments on both points are made in a single paragraph in his reply brief:

> "Beasley's appellate issue is capable of repetition and raises concerns of public importance. In the context of an improper finding of violating his probation, Beasley is arguing that the crime of interference with law enforcement under K.S.A. 2022 Supp. 21-5904(a)(3) does not criminalize impeding a welfare check. This issue is one of first impression, at least as far as Beasley can tell. A ruling on this issue would provide guidance for district courts, and this issue is certainly capable of happening over and over again."

Beasley's arguments provide no examples or reasoning as to why a district court might need guidance on this issue, and Beasley gives no explanation as to why this issue is capable of repetition. Beasley fails to brief why an appellate decision would be helpful to a district court when interpreting and applying K.S.A. 21-5904(a)(3) under these facts, and in the context of a probation revocation. A point raised incidentally in a brief and not argued therein is deemed waived or abandoned. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020).

Even if we were to consider the mootness exception claimed by Beasley on its merits, there is no evidence that the issue presented is a matter of public importance or that it is capable of repetition. There is no evidence that an appellate judgment on the merits would have meaningful consequences for any purpose, including future implications.

As to the issue being a matter of public importance, contrary to Beasley's argument, the district court in this case was in no need of further guidance when it found "when you say you're at the wrong address and you refuse to let law enforcement in, the

6

cops have no choice, and that's just—that's very clear that this crime is committed at least by a preponderance of the evidence level, so he's in violation of probation."

It is also important to note that the district court in this case was considering the crime of interference with law enforcement under a preponderance of the evidence standard relevant to a probation revocation as opposed to the reasonable doubt standard that would apply for an original conviction of the crime. Thus, a decision in this case would not be helpful to district courts except in considering this very narrow issue within the context of a probation revocation hearing, and Beasley makes no argument why a district court could not readily dispose of such an issue without appellate guidance.

As to whether the issue is capable of repetition, Beasley again provides no reasoning in support of his statement that the issue might be repeated "over and over." To the contrary, Beasley's situation is unique in that he actually stipulated that he violated his probation by failing to report, failing to gain meaningful employment, and failing to pay court-ordered costs, but still requested an evidentiary hearing on the single issue of whether by a preponderance of the evidence he committed the crime of interference with law enforcement. Beasley does not contest that he entered these stipulations. The district court independently found that Beasley had violated his probation based on his stipulation to technical violations, and the court made that finding *prior* to moving on to an evidentiary hearing on the remaining issue of whether Beasley committed a new crime. It appears from the record that the purpose of the evidentiary hearing was to give the State an opportunity to put on evidence of the additional violation in order to strengthen its argument on disposition that Beasley should serve his underlying sentence. Ultimately, the district court declined to order Beasley to prison and instead chose to order a 60-day jail sanction and extend Beasley's probation.

A final argument supports a finding that the mootness exception does not apply. As the State points out, if Beasley's issue is pertinent to public concern or capable of

repetition, it should have been raised at the district court level. We find it unnecessary to decide the issue of preservation due to the resolution of mootness, but Beasley failed to challenge the statutory application of the offense in the district court. Rather, Beasley challenged whether the State's burden to prove by a preponderance of the evidence that he committed the crime had been met. In other words, Beasley challenged the sufficiency of the State's evidence to the district court—not the statutory nature of the crime.

For all of these reasons, we find clearly and convincingly that the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and the judgment would not impact any of the parties' rights. Moreover, the issue presented by Beasley is not of public importance and there is no evidence it is capable of repetition.

THE DISTRICT COURT DID NOT ERR IN FINDING BEASLEY VIOLATED HIS PROBATION

Even if we were to conclude that an exception to the mootness doctrine applies, Beasley's appeal nonetheless fails on its merits. Beasley frames his issue as "[i]nsufficient evidence supports that Malik Beasley violated his probation by committing the new crime of interference of law enforcement"; however, this framing fails to acknowledge that Beasley actually stipulated to the violation of his probation on multiple other grounds. We need not consider whether there was sufficient evidence that Beasley committed the crime of interference with law enforcement because Beasley's stipulation provided the district court with sufficient evidence to find he violated his probation.

*Standard of Review*

The State must establish that a probationer violated the terms of their probation by a preponderance of the evidence—or that the violation is more probably true than not true. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). Appellate courts

review the district court's factual findings that a violation occurred for substantial competent evidence. *State v. Lyon*, 58 Kan. App. 2d 474, 478, 471 P.3d 716 (2020).

To the extent this issue requires this panel to interpret a statute, statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022).

Here, Beasley stipulated to the violations alleged in the first warrant. These allegations included that Beasley failed to report as directed, failed to gain meaningful employment, and failed to pay court-ordered costs. The district court's finding that Beasley violated his probation was not dependent on a finding under the second warrant. In fact, the district court specifically found that Beasley had violated his probation prior to conducting a hearing on the second warrant. Again, it appears from the record that the pursuit of the second warrant by the State was simply to support the State's argument that Beasley should serve his underlying sentence in prison—an argument Beasley actually won when he was placed back on probation after a jail sanction. The district court's disposition of the case also did not depend on the finding that Beasley committed a new crime. Thus, the district court did not err in finding Beasley violated his probation, ordering a 60-day sanction, and extending Beasley's probation. See K.S.A. 22-3716(c)(1)(A).

Affirmed.