NOT DESIGNATED FOR PUBLICATION

No. 128,292

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALAN AGUIRRE,
*Appellant*.


MEMORANDUM OPINION


Appeal from Cloud District Court; KIM W. CUDNEY, judge. Submitted without oral argument. Opinion on remand filed January 30, 2026. Reversed and remanded with directions.


*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.


No appearance by appellee.


Before SCHROEDER, P.J., HILL and GARDNER, JJ.


PER CURIAM: Alan Aguirre appeals the revocation of his probation. Because he had already been sanctioned for failing to attend a treatment appointment, Aguirre argues that the district court could not rely on that same probation violation to revoke his probation. In his view, this means the State failed to present sufficient evidence of any other probation violation and the court erred when it revoked his probation. The State has filed no brief in this case, and we will not manufacture arguments for a party. We agree with Aguirre. We reverse the revocation of his probation and remand with directions.

1

*A plea and Aguirre's sentence precede his probation.*

Aguirre pled no contest to the July 2021 attempted trafficking of contraband in a correctional institution, a severity level 7 nonperson felony. After he was convicted, Aguirre received a suspended 21-month prison sentence along with a 24-month probation term. The district court ordered his sentence to be served consecutively to his sentence in a separate case from Meade County. He was given standard terms of probation, meaning he:

- could not possess or consume alcohol or illegal drugs;
- must submit to random breath, saliva, and urinalysis tests;
- must serve 48 hours in jail for any failed alcohol test or missed appointment and 3 days in jail for any failed drug test;
- must complete 50 hours of community service work; and
- must gain and maintain employment.

We note the express sanction for a missed appointment is significant.

*Probation proved to be challenging.*

Approximately halfway into his probation term, Aguirre violated the terms of his probation and served two three-day jail sanctions for testing positive for marijuana and cocaine. In September 2023, the State moved to revoke Aguirre's probation, citing four probation violations:

(1) failing to refrain from the possession or consumption of alcohol or illegal drugs;
(2) failing to submit to alcohol/drug testing as ordered;

(3) failing to serve his ordered three-day jail sanction for refusing to submit to alcohol/drug testing; and

(4) failing to refrain from violating the law.

The State attached to its motion a copy of Aguirre's case report, which also alleged he had been drinking alcohol at a nightclub, had failed two drug tests, had failed to submit to testing as directed, had failed to serve a three-day jail sanction, and had been convicted of the crime of domestic battery.

At the probation violation hearing, Aguirre stipulated that he had violated the terms of his probation, including that he had been convicted of domestic battery on October 24, 2022. The district court determined Aguirre violated the terms of his probation. The court extended his probation for another six months. The court also ordered the additional condition to Aguirre's probation that he remain in custody until transported to a treatment facility. With this term extension, Aguirre's probation was set to terminate on June 1, 2024.

*Aguirre again violates his probation, this time by failing to attend treatment.*

On February 6, 2024, Aguirre failed to attend a treatment appointment at Mirror Outpatient Center. He was sanctioned for this failure. Aguirre waived his right to a probation violation hearing and accepted the two-day jail sanction as required in his probation conditions listed above. He served that jail sanction.

Over a month later, the State again moved to revoke Aguirre's probation. Its sole allegation of a probation violation was the missed treatment appointment. In an affidavit attached to the State's motion, however, Aguirre's probation officer alleged two additional probation violations: (1) on March 26, 2024, Aguirre failed to report to his probation

3

officer as directed; and (2) on the same day, Aguirre failed to appear for court in Meade County.

The district court held a second probation violation hearing on August 13, 2024. Aguirre's probation officer testified that her recommendation was for the court to revoke Aguirre's probation and order him to serve his underlying prison sentence. The officer also testified that Aguirre had a prior revocation and that he had served prior jail sanctions. The officer testified that Aguirre's domestic battery conviction resulted in probation and, at the time of the probation revocation hearing, there was an outstanding warrant for probation violations in that case.

The officer also testified that Aguirre had been arrested on two charges of violating a protection order, and the two cases were pending in Wichita Municipal Court. Finally, the officer testified that Aguirre had a Meade County probation violation that had been pending since before the first probation violation hearing. On cross-examination, the officer added that Aguirre had been discharged unsuccessfully from outpatient treatment after he quit attending.

Aguirre testified that he believed the two cases involving a violation of a protection order were dismissed; he had been successful on probation; and, given the birth of his child, he was motivated to continue probation.

After hearing the evidence and testimony, the district court found that Aguirre violated the terms of his probation, revoked his probation, and ordered him to serve his 21-month prison sentence. In its ruling, the district court repeatedly referred to Aguirre's continued involvement with law enforcement:

> "But instead, you continued to have involvement with law enforcement. You still have old cases hanging out there.

4

. . . .

"You have continued to have contact with law enforcement. While you were on probation in this case, a new conviction.

"Although the Court did address that at the last hearing. And now you have pending revocation issues for that along with Meade County revocation issues."

The district court limited its observations to contact with law enforcement and did not elaborate.

In the journal entry, the only probation violation cited by the district court was Aguirre's failure to "attend appointments or comply with the treatment plan set out by the treatment provider."

*Several rules guide us.*

The first stage of a probation revocation requires a factual determination that the probationer violated a condition of probation. The State bears the burden of proving the violation by a preponderance of the evidence. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). Once the district court finds the probation violation has been established, the district court has discretion—unless otherwise limited by statute—in determining whether to continue the probation or to revoke and require the defendant to serve the prison sentence. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716(c)(1). A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. *State v. Goens*, 317 Kan. 616, 620, 535 P.3d 1116 (2023). Aguirre bears the burden on appeal to show the district court abused its discretion by revoking his probation. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

On appeal, the reviewing court determines whether substantial competent evidence supported the district court's factual finding that a violation occurred. *State v. Dooley*, 313

Kan. 815, 819, 491 P.3d 1250 (2021). "Substantial competent evidence is 'such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion.'" *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021).

*K.S.A. 22-3716 creates a framework for handling probation violations.*

Clear guidance to courts dealing with probation violations is found in K.S.A. 22-3716. Generally, a district court may not revoke a defendant's probation without first imposing graduated sanctions. See K.S.A. 22-3716(c)(1). Under K.S.A. 22-3716(c)(1)(C), the district court may revoke an offender's probation after the defendant has received at least a two- or three-day jail sanction. See K.S.A. 22-3716(c)(1)(B). There are four exceptions, however, that allow the district court to bypass the intermediate sanctions requirement:

- if the court makes specific findings that placing the defendant back on probation would jeopardize the safety of members of the public or the offender's welfare would not be served by such sanction;
- if the defendant's probation was originally granted as the result of a dispositional departure;
- if the defendant commits a new crime; or
- if the defendant absconds from supervision. K.S.A. 22-3716(c)(7)(A)-(D).

*It was error to revoke Aguirre's probation based on a probation violation that was used as the basis of a prior nonprison sanction.*

The district court erred by revoking Aguirre's probation based on an already-sanctioned probation violation. The court only cited the missed appointment for treatment as the basis for revoking Aguirre's probation in the journal entry. Aguirre had already

6

waived his right to a probation hearing, stipulated to the violation, and served a two-day jail sanction—ordered by his probation officer—for the same probation violation.

Several unpublished opinions from panels of this court have held that a district court may not punish a probationer twice for the same probation violation. See *State v. Albers*, No. 124,895, 2023 WL 3135403, at *4 (Kan. App. 2023) (unpublished opinion); *State v. Corrigan*, No. 121,331, 2020 WL 5291944, at *4 (Kan. App. 2020) (unpublished opinion); *State v. Kendrick*, No. 120,052, 2020 WL 858073, at *5 (Kan. App. 2020) (unpublished opinion); *State v. Whitehead-King*, No. 120,986, 2020 WL 3022861, at *4 (Kan. App. 2020) (unpublished opinion); *State v. Henson*, No. 119,257, 2019 WL 2398042, at *3 (Kan. App. 2019) (unpublished opinion).

We embrace those rulings and apply the same rule here. To begin, the district court could not rely on previously imposed intermediate sanctions to revoke Aguirre's probation because those nonprison sanctions were ordered by Aguirre's probation officer and not by a court. See *State v. McRoberts*, 65 Kan. App. 2d 481, 494-95, 567 P.3d 905, *rev. denied* 320 Kan. 866 (2025). As a result, the district court's revocation of Aguirre's probation may only pass appellate review if there was an exception allowing the court to bypass intermediate sanctions. We have found no such exception.

The district court made no express findings in the journal entry or in its ruling invoking the public safety exception under K.S.A. 22-3716(c)(7)(A) or that Aguirre had absconded under K.S.A. 22-3716(c)(7)(D). And Aguirre's sentence was not the result of a dispositional departure, thus ruling out the exception under K.S.A. 22-3716(c)(7)(B). Therefore, the only exception applicable here is the new crime exception. K.S.A. 22-3716(c)(7)(C). To invoke this exception, the district court must have found that the State proved by a preponderance of the evidence that Aguirre committed a new crime while on probation. But there are special rules that apply to the new crime exception.

*The district court may satisfy the new crime violation exception by making implicit findings.*

Particularized findings are not required for the new crime exception; in fact, courts have found implicit findings are enough to invoke this exception. *McRoberts*, 65 Kan. App. 2d at 487. If neither party requests more definite findings nor objects to the court's findings, reviewing courts presume that the district court found all facts necessary to support its judgment. *Tafolla*, 315 Kan. at 332.

A panel of this court has considered a case with similar facts. In *State v. Roubideaux-Davis*, No. 125,764, 2023 WL 5662765 (Kan. App. 2023) (unpublished opinion), the issue on appeal was whether an unalleged new crime could permit the district court to bypass intermediate sanctions. The State argued that because Roubideaux-Davis admitted using methamphetamine, he necessarily committed a new crime, satisfying the exception to allow the district court to bypass intermediate sanctions.

The panel first determined the evidence supported that a new crime was committed while Roubideaux-Davis was on probation. 2023 WL 5662765, at *7. But because the district court failed to exercise its authority to bypass intermediate sanctions based on the new crime, the panel reversed the district court's revocation of Roubideaux-Davis' probation. 2023 WL 5662765, at *8-9. The panel remanded the probation disposition issue with instructions that the district court either impose a proper graduated sanction or set forth its reasons for bypassing the graduated sanctions. 2023 WL 5662765, at *9.

*Do the crimes Aguirre committed while on probation serve as sufficient bases to bypass intermediate sanctions?*

The only crimes alleged during Aguirre's probation were: (1) his domestic battery conviction that served as one basis for finding Aguirre violated the terms of his probation in the first probation violation hearing; and (2) violations of a protection order in the Wichita Municipal Court. The probation officer's testimony did not provide the date of Aguirre's arrest on the violations of a protection order cases, but, to the addendum to the State's motion to revoke probation, the State attached two citations that indicate Aguirre was arrested on June 28 and June 29, 2024.

The district court failed to check the box on the journal entry for a defendant's commission of a "new crime." In its findings on the record, however, the court repeatedly referred to Aguirre's continued involvement with law enforcement as one of the reasons for revoking Aguirre's probation. The court also concluded that Aguirre violated conditions of his probation by failing to engage with treatment providers and that he had violated or simply ignored court orders.

But the district court did not expressly state that it was invoking the new crime exception to bypass intermediate sanctions before revoking Aguirre's probation. The problem here is that Aguirre's conviction for domestic battery had already been used as a basis for extending Aguirre's probation at the first probation violation hearing.

The district court never stated it found sufficient evidence to establish that a new crime occurred, nor did the court expressly rely on a new crime in its findings on the record or in the journal entry. And the court could not rely on Aguirre's previous stipulation to committing the crime of domestic battery because the court already cited that specific new crime violation in its first probation violation hearing.

9

This lack of making a finding is important. In *Albers*, 2023 WL 3135403, at \*4, a panel of this court held the district court's erroneous revocation of the defendant's probation was not harmless because the crimes relied on for the revocation were already used as the basis for a previous sanction. Citing *Henson*, the panel concluded the district court could not impose punishment twice for the same violation. *Albers*, 2023 WL 3135403, at \*4. The panel also stated that "[j]ust because the district court *could* have relied on statutory bypass provisions at the prior revocation proceeding does not provide it with the opportunity to do so again at the dispositional hearing from which this appeal arises." 2023 WL 3135403, at \*4.

We find the reasoning in *Albers* persuasive and follow the panel's holding that because the district court relied on the new crime exception at the first probation violation hearing, the district court could not rely on the same crime at a later probation violation hearing. In other words, each probation revocation is discrete and can be used for that one motion and not repeatedly.

*Remand is necessary where the record is not clear on what the district court relied on in revoking probation.*

This record is unclear on what involvement with law enforcement the district court was referring to when it revoked Aguirre's probation. Therefore, we hold the court abused its discretion by making the legal error of relying upon a probation violation that had already been used as a basis for a prior sanction. We reverse the probation revocation order here and remand with instructions that the district court either impose a proper graduated sanction for any probation violation it finds has occurred or make the required findings to invoke an exception to bypass the graduated sanctions.

Reversed and remanded with directions.