NOT DESIGNATED FOR PUBLICATION

No. 128,077

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CRYSTAL LYNN SALINAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Submitted without oral argument. Opinion filed March 13, 2026. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Crystal Lynn Salinas appeals the district court's decision revoking her probation and requiring her to serve her underlying sentence. She also contends—for the first time on appeal—that the State committed prosecutorial error when presenting argument to the district court during her probation revocation hearing. Based on our review of the record on appeal, we find no reversible error. Thus, we affirm.

1

On February 13, 2024, Salinas entered into a plea agreement with the State and pled guilty to possession of methamphetamine with the intent to distribute. Although the district court sentenced her to 56 months in prison, it granted her request for a dispositional departure and placed her on probation for 36 months. Shortly after, the State filed a motion to revoke Salinas' probation based on multiple violations of the conditions of her probation. Those alleged violations included: failing to report to her probation officer; using or possessing alcohol and illegal drugs; and failing to participate in counseling and treatment programs ordered by her probation officer.

Unfortunately, because of technical difficulties with the recording equipment, no transcript of the probation revocation hearing exists. Instead, the parties have filed an agreed upon statement regarding what occurred. At the hearing, the State presented evidence that Salinas failed to appear at several mandatory appointments with her probation officer; that she failed to reside at her reported address or to keep the probation officer apprised of her new address; and that she did not comply with all mandated treatment or counseling programs after she failed to report to an alcohol and drug evaluation.

In response, Salinas testified that she suffered from addiction and mental health issues; that she completed a drug and alcohol evaluation with an outside organization alongside that she was referred for outpatient substance use disorder treatment; that she completed a mental health assessment as well as that she was recommended for counseling; and that she planned to move to Hays to participate in an outpatient treatment program. After hearing closing argument by both parties, the district court revoked Salinas' probation and ordered her to serve the underlying sentence.

In reaching its decision, the district court found:

"a. That the Defendant was placed on Community Corrections for a period of 36 months.

"b. That the Defendant understood the terms and conditions of her supervision.

"c. That the sentencing in this matter was a presumptive prison [sentence] and the Defendant was granted a dispositional departure to the non-prison sanction.

"d. That the Defendant absconded supervision.

"e. That because the sentence was a presumptive prison sentence and the Defendant was granted a dispositional departure, since the Defendant absconded supervision, the Defendant's supervision should be revoked and the Defendant ordered to serve her term of incarceration."

Thereafter, Salinas filed a timely notice of appeal.

ANALYSIS

*Revocation of Probation*

On appeal, Salinas contends that the district court abused its discretion by revoking her probation and ordering her to serve her underlying prison sentence. Generally, a district court must first impose a graduated intermediate sanction unless an exception applies before revoking a defendant's probation. K.S.A. 22-3716(c)(1)(C). However, a district court may bypass intermediate sanctions if it finds the defendant is a threat to public safety or that remaining on probation would jeopardize their health; the probation was granted as a result of a dispositional departure; the defendant committed a new crime; or the defendant absconded from supervision while on probation. K.S.A. 22-3716(c)(7)(A)-(D).

The Kansas Supreme Court has further clarified that a district court's actions in revoking an offender's probation must conform with applicable due process requirements. *State v. Hurley*, 303 Kan. 575, 582, 363 P.3d 1095 (2016) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 [1973]). Minimum due process includes "'written notice of the claimed violations of probation [and] disclosure to the

3

probationer of the evidence against him or her.'" *Hurley*, 303 Kan. at 582. Moreover, our Supreme Court has explained that "the dispositional departure statutory exception does not require particularized findings." *State v. Tafolla*, 315 Kan. 324, 331, 508 P.3d 351 (2022). In other words, if one's probation was the outcome of a dispositional departure then revocation is not an error of law. 315 Kan. at 331. And no abuse of discretion occurs when a district court fails to expressly invoke the dispositional departure exception. 315 Kan. at 332; see *State v. Stewart*, 306 Kan. 237, 262, 393 P.3d 1031 (2017).

Here, Salinas argues that the State failed to allege that she violated her probation by expressly stating that she absconded in the motion. But the record reflects that the State specifically moved "to revoke defendant's supervised probation in this case and request a bench warrant as the defendant has willfully failed to abide by the stipulations of her Intensive Supervision Officer and has absconded." In addition, the record includes an affidavit—from her probation officer—which notes that she absconded from her probation.

Likewise, a review of the record reveals that the district court's revocation of Salinas' probation was supported by a preponderance of the evidence. See *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). Significantly, Salinas' probation was the result of a dispositional departure for probation from a presumptive prison sentence. This alone is sufficient to justify the district court's decision to bypass the imposition of an intermediate sanction. Moreover, the agreed statement of facts establish that Salinas' probation officer testified that Salinas absconded. Her probation officer also testified that Salinas did not keep her advised of her whereabouts during her probationary term. And Salinas further concedes that her probation officer's testimony was enough to support a finding that she violated her probation. Consequently, we find that the district court had the discretion to revoke Salinas' probation. See K.S.A. 22-3716(c)(7)(B), (D).

In reaching its decision, the district court expressly mentioned the dispositional departure as a reason for revoking Salinas' probation. The record also shows that Salinas never requested an intermediate sanction nor did she ask for more definite findings. See *Tafolla*, 315 Kan. at 331-32. Accordingly, it is presumed that the district court found all facts necessary to support revoking Salinas' probation. See 315 Kan. at 332.

Based on our review of the record, we conclude that the district court had the statutory authority to immediately revoke Salinas' probation based on the evidence presented at the probation revocation hearing. See K.S.A. 22-3716(c)(7)(B), (D). Furthermore, we find that Salinas fails to show the district court abused its discretion based on a legal error, a factual error, or that no reasonable person would agree with the district court's decision. See *Tafolla*, 315 Kan. at 328.

*Prosecutorial Error*

Next, Salinas contends that the State committed prosecutorial error—at the probation revocation hearing—by arguing that the district court was required to revoke her probation. The State counters, asserting that Salinas neither made nor preserved a valid allegation of prosecutorial error. As a result, we will first address preservation.

In this case, the argument made by the State did not implicate Salinas' right to a fair trial. As such, we find that Salinas was required to make a contemporaneous objection. See *State v. Bodine*, 313 Kan. 378, 406-07, 486 P.3d 551 (2021). We note that our Supreme Court has "express[ed] no opinion whether a contemporaneous objection or other posthearing remedial motion is required to appeal a prosecutorial error claim arising from a nonjury setting." *State v. Wilson*, 309 Kan. 67, 73, 431 P.3d 841 (2018). Consequently, we find that Salinas failed to preserve this issue for appeal.

Affirmed.